## Butterworth *v.* Wells et ux., Appellants.

Argued February 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Albert L. Moise,* for appellants.—The findings of fact by the learned chancellor are not supported by the testimony: Pa. Knitting Mills v. Bayard, 287 Pa. 216; Hamilton v. Fay, 283 Pa. 175; Kaemmerling's App., 282 Pa. 78.

The conveyances were not fraudulent in law but supported by a good consideration: Hamilton v. Fay, 283 Pa. 175; Kaemmerling's App., 282 Pa. 78; American Trust Co. v. Kaufman, 287 Pa. 461; Jamison's Est., 183 Pa. 219; Jarvis v. Bell, 296 Pa. 568; Peiffer v. Lytle, 58 Pa. 386; Benson v. Maxwell, 105 Pa. 274; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236.

*Abraham Berkowitz,* for appellee.—The burden of proof was on defendant to show that the conveyance to her was to an innocent purchaser, for a valuable consideration, and without knowledge of fraud: American Trust Co. v. Kaufmann, 276 Pa. 35; Delphi Knitting Mills Co. v. Richards, 62 Pa. Superior Ct. 9; Weber v. Aschbacker, 205 Pa. 558; Curtis & Co. v. Olds, 250 Pa. 320.

The trial judge did not err in disbelieving defendants testimony although it was not contracted by oral testimony, but only by the record, and by extraneous circumstances: Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Fehr v. Campbell, 288 Pa. 511; Grimes v. R. R., 289 Pa. 320.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1931:

This is a bill in equity filed against a husband and wife by a creditor of the husband, who had recovered a verdict and judgment against him, which sought a finding that a property, conveyed to the wife, belonged to the husband, and that the conveyance to the wife was in fraud of the plaintiff.

The chancellor who heard the case entered a decree that the defendant Joanna A. Wells holds title to the property as nominee of and for the benefit and account of her husband, that he is the sole, beneficial owner, and that plaintiff's verdict against him is a lien upon the property from the date of its recovery. From the decree defendants appeal.

The property involved is an apartment house in the City of Philadelphia valued at from $250,000 to $300,000. It is heavily encumbered, the mortgages against it amounting to $230,000. It was erected by the husband, who is a builder. He purchased the lots upon which it is constructed and paid the consideration for them. The deed was made to him. There were several conveyances of the property to straw men for the apparent purpose of creating mortgages on the premises, not necessary to be specifically recited. On January 10, 1929, a straw man in whom the title was then vested, at the instance of the husband, conveyed the property to his wife. She paid no consideration for it and the chancellor found that the husband remained the beneficial owner. On February 26, 1929, the defendants conveyed to another straw man, who created an additional mortgage on the property and thereafter reconveyed the title to the wife without any consideration moving from her. The chancellor found that the husband continued to be the beneficial owner.

Joanna A. Wells held title to a dwelling house in which she and her husband resided. In order to negotiate a second mortgage for $80,000 on the apartment house, the trust company making the loan insisted that the dwelling house should be included in the mortgage, as additional security, and this was done. The dwelling is still bound by the lien of the mortgage. It was alleged by Mrs. Wells that it was agreed between her and her husband that she would subject the dwelling house to the lien of the mortgage only on condition that she should receive any equity which there might be in the

apartment house above its encumbrances and that the property was conveyed to her in pursuance of this understanding.

The chancellor found as a fact that Joanna A. Wells did not receive the title to the premises in pursuance of any agreement or understanding that she was to receive it as consideration for her furnishing her residence property as collateral security for her husband's obligation, and found specifically that the conveyance to her was with the intent thereby to defraud the plaintiff's rights as a creditor of the husband and to put the property beyond plaintiff's reach. The chancellor further found that all the money put into the apartment house, other than the mortgage money, was that of the husband, and that title was put in the wife's name shortly after plaintiff obtained his verdict against the husband. Passing upon the truth of the testimony which he heard, the chancellor concluded it was incredible that the husband should have agreed with his wife that if she would put up her house as collateral security in order to effect the financing of the apartment house, he would as a consideration therefor turn over to the wife the ownership of the apartment house. These findings affirmed by the court in banc and supported by the required proof are controlling with us: More v. People's Bank & Trust Co., 297 Pa. 252. This rule is particularly applicable to this kind of case in view of the principle laid down in American Trust Co. v. Kaufman, 276 Pa. 35, and 287 Pa. 461, and Peoples Savings & Dime Bank & Trust Co. v. Scott, 303 Pa. 294, that where a wife's title to property is acquired by deed from her husband for a nominal consideration, the conveyance is presumptively fraudulent as to the husband's creditors.

The decree of the court below is affirmed at appellant's cost, without prejudice to the right of Joanna A. Wells, in the event of proceedings on the bond or the accompanying mortgage covering the dwelling house owned by her and the apartment house, to apply to the

court below for an order that the mortgagee shall first proceed against the apartment house to recover the amount due him, before exposing the dwelling house to sale under the bond or mortgage.