## Raub Supply Company *v.* Brandt (et al., Appellant).

120

Argued April 21, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John E. McDonough,* with him *R. Paul Lessy* and *Joseph E. Pappano,* for appellant.

*F. Lyman Windolph,* of *Windolph & Mueller,* with him *Robert W. Beatty* and *Harry D. Wescott,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

This is a bill in equity by the plaintiff, creditor of a married man, seeking to have a conveyance of real es-

tate made by him to his wife set aside because fraudulent as to plaintiff and to have a judgment obtained by it fixed as a lien against the property conveyed. The chancellor granted the relief prayed for and the wife (now widow) has appealed.

Prior to March 26, 1927, Frederick C. Brandt was indebted to Raub Supply Company, the plaintiff. On that day Brandt and his wife, Mary E. Brandt, the appellant, conveyed a property which belonged to the husband to one Davis for a consideration of one dollar and on the same day Davis for a like consideration made a deed for the property to Mary E. Brandt. The chancellor found that Frederick C. Brandt was insolvent at the time, was indebted to plaintiff who subsequently obtained judgment against him for $3,435.44 and that the conveyance was fraudulent.

Contemporaneous with the vesting of title to the property in the wife she and her husband executed a mortgage to a building association for $4,500. This was done without the knowledge of plaintiff. The bulk of the money obtained from the mortgage was used to discharge prior encumbrances on the property. Apparently $1,000 thereof was paid to plaintiff on account of the debt to it, which then aggregated about $10,000. Subsequent to making the mortgage Mary E. Brandt has paid the monthly installments of $50 due to the building association, which has resulted in a substantial reduction of the amount due on the mortgage. As we understand she continues to occupy the property as her dwelling. Her husband died October 24, 1932. The decree of the court entered December 27, 1935, directed Mary E. Brandt to convey the property to her husband, although at that time he was dead and ordered that plaintiff's judgment be a lien against the property.

The argument of appellant, challenging the decision of the chancellor, proceeds along these lines: (1) The findings of a fraudulent conveyance are unsupported by

evidence. (2) There was no intent on the wife's part to defraud her husband's creditors; to badge the conveyance to her as fraudulent there must be actual fraud shown upon her part and the giving of the mortgage and payment of part of the proceeds realized from it to plaintiff negatives the conclusion of fraud, particularly so when the "sheltered" life of the wife and her unfamiliarity with business are taken into account. (3) There was no evidence before the court of the value of the property, that the chancellor based his conclusion as to its value solely upon a letter written to him by a witness in the case after the hearings had closed. It is further suggested that the court in its decree should have protected the wife to the extent of the money she had put into the property.

As to the first proposition that there was no evidence to sustain the conclusion of the court that the conveyance was fraudulent in the eyes of the law, we have the admitted fact that the property was conveyed by husband to wife without consideration. This alone justified the finding. "If a conveyance is made without any consideration the transaction is fraudulent on its face and no other evidence is necessary to show a fraudulent intent . . . actual intent appears . . . when the deed is from husband to wife . . . for a nominal consideration. To permit [the grantee] to hold such land makes him a party to the fraudulent intention of the grantor, though he did not know of the fraud at the time of the conveyance to him": *Queen-Favorite B. & L. Assn. v. Burstein,* 310 Pa. 219, 222. To the same effect are *Fidelity Trust Co. v. Union National Bank,* 313 Pa. 467; *Peoples Savings & Dime Bank & Trust Co. v. Scott,* 303 Pa. 294; *Butterworth v. Wells,* 303 Pa. 302, and other cases which might be cited.

As to the second proposition assumed by appellant that there was no intent on her part to defraud her husband's creditor, it is sufficient to say that under rulings heretofore cited the question of her intent becomes im-

material if the effect of the conveyance to her was to deprive the creditor of the asset which her husband possessed to answer its claim. Moreover, the question of intent drops out of consideration under circumstances such as here exist by the very language of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 P. S., section 354, section 4 of which provides: "Every conveyance made . . . by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made . . . without fair consideration."

As to appellant's third proposition that there was no evidence before the court as to the value of the property and that there was impropriety in basing the value on a letter received by the chancellor after the close of the hearing, we remark that the letter should have been disregarded and nothing should have been predicated thereon. However, the value of the property plays no part in the determination of the real question involved as it was worth more than a dollar. The burden of establishing what it was worth was not on appellee but on appellant: *Peoples Savings & Dime Bank & Trust Co. v. Scott,* supra; *Queen-Favorite B. & L. Assn. v. Burstein,* supra.

It is earnestly argued by appellant's advocate that the court below should have protected his client to the extent of the money which she has put in the property by paying the building association the monthly sums due to it and thus reducing the mortgage. In this connection, complaint is made as to that part of the decree which directs a reconveyance to the husband who is dead. We know of no principle of law or equity which would sanction such a grant. It might be made to his personal representative, if there were such, but none has been raised. The rights of the plaintiff are secured by that part of the decree which fixes its judgment as a lien on the property. Its lien is attached, it matters not who holds the title. It may be that with the title remaining in her, appellant will be able to save to herself some, if not all, the money

she has put in the property, but whether she can or cannot, it would not do to hold that a fraudulent grantee of property can defeat the rights of a defrauded creditor by spending money on it.

There is no merit in the contention that the building association, holder of the mortgage, should have been made a party. Its rights are in no way affected.

It is directed that the decree be modified by striking therefrom the first paragraph thereof directing a conveyance by Mary E. Brandt to Frederick C. Brandt and by striking from the second paragraph thereof the words "and to be conveyed forthwith by the said Mary E. Brandt to the said Frederick C. Brandt." As thus modified the decree is affirmed. Costs to be paid by appellant.