Toff *v.* Vlahakis, Appellant.

Argued January 5, 1955.    Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Nathan L. Reibman,* for appellant.

*Raymond J. DeRaymond,* with him *George F. Coffin, Jr.* and *Coffin & Grifo,* for appellee.

OPINION BY MR. JUSTICE JONES, March 14, 1955:

Herbert Toff, as trustee of James P. Vlahakis in bankruptcy, instituted this suit in equity against the bankrupt's wife, Stella J. Vlahakis, to recover funds transferred by Vlahakis to his wife without adequate consideration while he was either insolvent or rendered insolvent by the transfer. The complaint alleged that, in the circumstances pleaded, the transfer constituted a fraudulent conveyance within the intendment of the Uniform Fraudulent Conveyance Act of May 21, 1921, P.L. 1045, 39 PS §351 et seq. The defendant answered, denying that the transfer was made with the intent to hinder, delay or defraud the husband's creditors. The plaintiff thereupon moved for judgment on the pleadings which the court below granted. This appeal by Stella J. Vlahakis followed.

For the purpose of passing upon a plaintiff's motion for judgment on the pleadings, the well pleaded allegations of fact contained in the defendant's answer are to be taken as true: *Wark & Company v. Twelfth & Sansom Corporation,* 378 Pa. 578, 580, 107

A. 2d 856. But, the inferences to be drawn from the pleaded facts are deducible by an appellate court, and conclusions of law are, of course, reviewable: *London v. Kingsley*, 368 Pa. 109, 111, 81 A. 2d 870. And, while a summary judgment is to be entered only in a clear case, if the complaint sufficiently pleads a cause of action and the answer fails to present a meritorious legal defense, judgment for the plaintiff on the pleadings should, on motion, be entered in the interest of expediting justice: *Wark & Company v. Twelfth & Sansom Corporation*, supra; *Madison-Kipp Corporation v. Price Battery Corporation*, 311 Pa. 22, 25, 166 A. 377. Viewing the pleadings in this case with the foregoing legal principles in mind, the following material facts appear.

On May 17, 1951, Vlahakis assigned to one Joseph L. Friedman, for a stated consideration of $5,000, his leasehold interest in premises in Easton, Pennsylvania, where he had installed fixtures and operated a restaurant. At the time of the assignment of the lease, Vlahakis received from Friedman a check in the sum of $2,000. The balance of the consideration was paid to an escrow agent to be held pending Vlahakis' vacation of the premises and the completion of certain repairs thereto. Vlahakis gave notice to his creditors that he was liquidating his assets, and on June 5, 1951, sold the restaurant fixtures at public sale for the ostensible benefit of his creditors. The proceeds of the sale, however, were barely sufficient to pay the expenses incident to the sale, and Vlahakis made no payments to his creditors. On June 11, 1951, Vlahakis and Friedman, by a supplemental agreement, arranged that the $3,000 held by the escrow agent should be distributed as follows: $500 to be retained by the escrow agent pending completion of the repairs to the demised property; $140 to be paid to Friedman; and the balance

($2,360) to be paid to Vlahakis, for which he contemporaneously received a check in that amount. Vlahakis then endorsed in blank this check and the earlier check for $2,000 and turned them over to his wife. Both checks were presented by Mrs. Vlahakis for payment which she received. Shortly thereafter Mrs. Vlahakis took her husband to Florida with her. About a month later (viz., July 20, 1951), the petition of Vlahakis' creditors, whereon he was adjudged bankrupt by the United States District Court for the Eastern District of Pennsylvania, was filed, and on December 18, 1951, the District Court appointed the present plaintiff, Herbert Toff, as trustee of Vlahakis' estate in bankruptcy. Vlahakis died in July, 1952.

Following an unavailing attempt to recover amicably from Mrs. Vlahakis for the benefit of the bankrupt's estate, the trustee instituted the present suit in equity in the Court of Common Pleas of Northampton County and compelled an appearance by the defendant through the issuance of a writ of foreign attachment against her, attaching real estate in Easton owned by Mrs. Vlahakis individually.

The complaint averred facts substantially as above recited and asserted that the sale of the leasehold was carried out with the intent to hinder, delay and defraud creditors of the insolvent husband; that the transfer to Mrs. Vlahakis of the proceeds of the sale of the leasehold, without consideration, rendered Vlahakis insolvent; and that his wife was fully aware of her husband's insolvency when she received and cashed the checks aggregating $4,360. The plaintiff prayed the court to compel Mrs. Vlahakis to restore the $4,360 to the bankrupt's estate or to enter a judgment against the defendant in that amount.

In her answer, Mrs. Vlahakis admitted that her husband was insolvent at the time he gave her the

checks but denied that the delivery to her of the checks endorsed in blank constituted a conveyance within the contemplation of the Uniform Fraudulent Conveyance Act, cit. supra. The defendant further alleged that, at all times presently material, her husband was afflicted with an advanced stage of cancer which required his confinement to bed; that, because of his physical disability, he was unable to attend to his own business affairs; that, at her husband's request and insistence, she undertook to act for him at his direction and subject to his control; that, in cashing the two checks, here involved, she was acting for her husband; that the proceeds of the checks were disbursed by her for expenses incurred in connection with her husband's last illness and burial; and that, on April 20, 1953, she submitted to the trustee in bankruptcy an itemized list showing payments by her of $5,732 for expenses incurred in the last illness and funeral of her husband. The learned court below rejected the defendant's plea of agency.

The appellant contends that "The circumstances in the present case do not admit of a conveyance and particularly a conveyance that is fraudulent either in fact or in law." The contention is manifestly without merit. Section 1 of the Uniform Fraudulent Conveyance Act (39 PS §351) defines "conveyance" as including "every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property . . . ." Mrs. Vlahakis freely admits that her husband endorsed in blank the checks drawn to his order and gave them to her and that she obtained the proceeds. Such a transaction plainly falls within the ambit of the Act's definition of "conveyance" either as a transfer or an assignment of intangible property. Nor can it reasonably be argued that the conveyance of the checks was not fraudulent within the intendment of

the Act. Section 4 expressly provides that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without fair consideration." Mrs. Vlahakis concedes that she knew her husband was insolvent when he endorsed the checks in blank and delivered them to her and she makes no claim that she gave him fair consideration for the checks. In fact, her contention that she acted in respect of the checks and their proceeds as agent for her husband implies that the transfer was without consideration. The defendant's own admissions, therefore, supply the ingredients of a fraudulent conveyance under the Statute, that is, a conveyance by an insolvent without fair consideration. When these elements are present, the conveyance is fraudulent as to creditors regardless of the insolvent's *actual* intent. And, by the same token, when a transferee receives an insolvent's property without giving fair consideration for it, he is accountable for it to the insolvent's creditors whether or not the transferee intended to participate in a fraud: see *Taylor v. Kaufhold,* 379 Pa. 191, 202, 108 A. 2d 713; *Raub Supply Company v. Brandt,* 323 Pa. 119, 122-123, 186 A. 751.

Even if Mrs. Vlahakis acted throughout, as she claims she did, merely as her husband's agent and spent the moneys which she received from him for his use and benefit, the transfer was no less fraudulent as to his creditors. Her status as agent would not clothe her with any broader authority to deal with her insolvent husband's assets than he himself had. The fact is that, in his insolvent situation, Vlahakis' authority to dispose of his assets was considerably circumscribed. When he assigned his leasehold to Friedman on May 17, 1951, he knew he was insolvent;

less than three weeks later, June 5th, he sold his restaurant fixtures for the benefit of his creditors; and it was just two months after the assignment, viz., on July 20th, that his creditors petitioned the District Court of the United States to declare him bankrupt. In these circumstances, Vlahakis was no longer free to use his assets for his own personal benefit which would necessarily be to the corresponding detriment of his creditors. In *Commonwealth of Pennsylvania, Department of Public Assistance, v. Smith,* 344 Pa. 381, 25A. 2d 694, where a creditor attacked as fraudulent a conveyance of property from a mother to her son made without fair consideration, the son attempted to defend on the ground that the property had been conveyed to him in consideration of his agreeing to support his mother in the future. In rejecting the defense, this court, speaking through Mr. Justice STERN, said,—"Even if true, and even though an agreement to that effect had been made in advance by mother and son, it would not defeat the rights of plaintiff, because, where a conveyance of property is made in consideration of an agreement to support the grantor in the future, it is invalid as to creditors if by the conveyance the grantor renders himself unable to pay his debts, the theory being that a conveyance whereby a debtor puts his property beyond the reach of his creditors under an agreement that it shall be devoted in any way to his own use is constructively fraudulent [citing cases]." See, also, *Commonwealth Trust Company of Pittsburgh v. Cirigliano,* 352 Pa. 108, 111, 41 A. 2d 863. What Vlahakis, because of his distressed financial condition, could not do with his assets, his wife may not do for him.

Nor is Mrs. Vlahakis entitled to credit for the sum she expended for her husband's use and benefit out of the moneys she received from him while insolvent.

Being aware of her husband's insolvency, when she accepted and cashed the two checks, she should also have realized that the assets she had so received inured to the benefit of her husband's existing creditors and not to him personally. *Amadon v. Amadon,* 359 Pa. 434, 59 A. 2d 135, which the appellant cites in this connection, is not presently in point. In that case, just as in *Taylor v. Kaufhold,* supra, the credits allowed the wife were for her contribution of her separate property for the purchase of real estate jointly with her husband.

The appellant also interposed the defense of laches. In properly rejecting it, the learned court below aptly observed that,—"The admitted facts established that on the very day that the escrow [agent] paid the balance of the funds, $2,360.00, the check therefor was endorsed in blank by the bankrupt, the check given to defendant, and the defendant left for Miami, Florida. It was only after plaintiff attached defendant's properties within Northampton County that defendant entered her appearance in the within action. Under these facts we cannot agree that plaintiff was guilty of laches."

One further matter is referred to in the paper books which has not yet been passed upon by the court below. After the appeal was taken, the plaintiff moved to amend his complaint by including therein a claim for interest on the moneys due from Mrs. Vlahakis and prayed that the final decree be reformed accordingly. Our affirmance of the decree will not preclude the court below from disposing of the plaintiff's claim for interest as right and justice may require.

Decree affirmed at appellant's costs.