## Thomas Tax Sale Petition

*Dennison & Dennison,* for respondent.

*August L. Sismondo,* for tax claim bureau.

*Harold V. Fergus* and *Edward V. Sciamanna,* for Commonwealth.

WEINER, J., February 23, 1957.—This case comes before the court on a petition for a rule to show cause why a sale under the Real Estate Tax Sale Law, of July 7, 1947, P. L. 1368, sec. 101, 72 PS §5860.101 et seq., should not be set aside. After the petition was presented, rule issued and answer filed, a hearing was held at which testimony was taken and the issues involved were agreed upon.

It appears that on July 19, 1935, a conveyance of real property was made to Harold Yancey Thomas and Odella Thomas, his wife, of record in Deed Book vol. 632, p. 258, in the office of the recorder of deeds of this county. The property was described as Lot No. 12 in the Sunnyside Plan of Lots situate in the City

of Washington. On March 16, 1940, the Department of Public Assistance of the Commonwealth of Pennsylvania entered a judgment against Harold Y. Thomas at no. 316, May term, 1940, DSB, which judgment was revived several times. Finally on July 22, 1949, another judgment was entered against Harold Y. Thomas and Odella Thomas, his wife, in the amount of $2,000 by the Department of Public Assistance at no. 318, August term, 1949, DSB.

In apparent compliance with the Real Estate Tax Sale Law, supra, the tax claim bureau advertised the property for sale because of unpaid taxes, on September 10, 1952. No bidder appeared and the sale was continued. At that time the upset sale price was determined by the bureau at $666.41; this price, as conceded by the parties to this case, did not include any payment to the Department of Public Assistance for its record lien. Subsequently the tax claim bureau presented its petition to the court at the above number and term for leave to sell the property free and clear of all liens, as permitted by the said Real Estate Tax Sale Law, supra, where that upset sale price has not been bid. In accordance with that act, the petition contained a title search which unfortunately failed to show this lien of the Department of Public Assistance entered as aforesaid at no. 318, August term, 1949, DSB. On November 19, 1953, the bureau, under the authority granted by the court on said petition, conveyed the property in question to Norton O. Wright, Sr., and Adeline Wright, his wife, in consideration of the sum of $110, that being the highest and best bid received for the said property at said free and clear sale.

Although notice of such sale was given by advertisement in accordance with the Real Estate Tax Sale Law, no actual notice was even given to or re-

ceived by the Department of Public Assistance. On March 16, 1954, the Department of Public Assistance presented to this court its petition to set aside this sale to Norton O. Wright, Sr., and Adeline Wright, his wife, respondents herein, and a rule aforesaid issued on them to show cause why the said sale and conveyance to them should not be set aside for failure to give petitioner actual notice of said proposed sale.

The first issue for determination is whether or not the record lien of the Department of Public Assistance entered by it on July 22, 1949, was a valid and subsisting lien at the time of the presentation of the petition by the tax claim bureau for leave to sell the property free and clear of all liens, said petition having been presented to this court on July 6, 1953. With regard to the elements which constitute the upset sale price, the Real Estate Tax Sale Law provides that the price must include Commonwealth tax liens, the claim absolute with interest, other accrued taxes and municipal claims, and the record costs and costs of sale: Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, sec. 605, 72 PS §5860.605, At the time this property was put up for sale on September 10, 1952, no bids were received and the sale was continued. Since no sale was made, the subsisting liens of record, including this lien in question, were not divested, as provided by section 609 of the act.

In all cases where the upset sale price is not bid, section 610 of the act provides: "In cases where the upset price shall not be bid at any such sale, the property shall not be sold at that time and the sale shall be continued . . .": 72 PS §5860.610. Following the mandatory provision of this section, the tax claim bureau continued the sale and petitioned the court for leave to sell this property free and clear of all liens, including this lien of the Department of Public Assistance.

Since we have held that the record lien of the Department of Public Assistance was not divested prior to the sale to respondents, it becomes necessary for us to decide the next issue. As noted above, the title certificate presented by the examining attorney for the bureau, for some reason not disclosed, failed to reveal the existence of this lien in dispute. When the rule to show cause why the sale should not be made was issued, the Department of Public Assistance was therefore not named as one upon whom the said rule was required to be served. The department therefore received no actual notice whatsoever of the proposed sale nor was any attempt made to serve the department with notice of the sale. However, respondents earnestly contend that the sale to them, as approved by this court, divested all liens including the department lien irrespective of whether or not the department had received actual notice or that no service of the rule was made. With this contention the court cannot agree.

It is the general rule in Pennsylvania that a judicial sale of real estate divests all liens except those specifically preserved by statute or those incapable of discharge: Commonwealth v. Udziewicz, 353 Pa. 543 (1946). To be sure, the Real Estate Tax Sale Law provided:

"Every such sale shall discharge the lien of every obligation, claim, lien or estate with which said property may have or shall become charged, or for which it may become liable (with stated exceptions not applicable herein)": 52 PS §5860.609. Yet section 609 must be read in conjunction with section 610:

"Upon the presentation of such petition . . . the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective claims . . ."

Moreover, section 611 states that the rule shall be served as a writ of scire facias. It would seem that the sale thus divested all liens unless the failure to serve the Department of Public Assistance with notice of the rule to show cause either vitiated the said sale or preserved this lien against this property.

In Hess v. Westerwick, 366 Pa. 90 (1950), in holding that a tax sale was invalid where the owner was not given notice under the Act of May 29, 1931, P. L. 280 (the predecessor of the present Real Estate Tax Sale Law) the court said, at page 96:

"It is a fundamental provision of both our state and federal constitutions that no person shall be deprived of property except by the law of the land or due process of law. Without due process of law the right of private property cannot be said to exist. As said by Mr. Justice Pitney in Ochoa v. Hernandezy Morales, 230 U. S. 139, 161 (1912), 'The principle, known to the common law before Magna Charta, was embodied in that charter (Coke, 2 Inst. 45, 50) and has been recognized since the Revolution as among the safest foundations of our constitutions. Whatever else may be uncertain about the definition of the term "due process of law" all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and *without notice* or an opportunity for a hearing.' "

In Foulk v. Albert, 387 Pa. 193 (1956), the Supreme Court, in a per curiam opinion, approved the action of the lower court in setting aside a deed from the tax claim bureau to a purchaser where the property had been improperly assessed and the true owner had received no notice of the sale. There it was said:

" 'We are also of the opinion that the service of the rule to show cause why a sale of the property in question should not be made free and clear of all taxes and liens upon H. Hessey Miller, who was at no time inter-

ested in the operation of the plaintiffs at Harwood, was a nullity. . . . The fact that the plaintiffs had no knowledge of the contemplated sale rendered the same basically invalid' ": 387 Pa. at page 198. By implication this case is authority for the proposition that service of the rule to show cause on all necessary parties is a condition precedent to a valid sale.

Therefore, we must hold that the failure of the tax claim bureau to cause service of the rule to show cause to be made upon the Department of Public Assistance made this sale to these respondents ineffective to divest its liens and the property sold continued to be subject to the lien of the Department of Public Assistance in question. If the rule to show cause why a free and clear sale should not be had is to be served as writs of scire facias are to be served, the advertising of the petition or sale would not be sufficient notice, since publication of a writ of scire facias is permitted only where those named in the writ cannot be found by the sheriff within the Commonwealth or the residence within the Commonwealth is unknown.

Since the crux of sections 610 and 611 of the act is that all interested parties have notice of the proposed sale, before their liens can be legally discharged, it then follows that by the failure in this case to give such notice to this petitioner, its lien has not been discharged and as to it, the purchasers, respondents in the rule issued, took and hold this property subject to the lien in question.

Therefore the court is constrained to make the following

### Order

And now, February 23, 1957, the rule heretofore issued to show cause why the sale by the Washington County Tax Claim Bureau of the property of Harold Yancy Thomas and Odella Thomas, his wife, to Norton O. Wright, Sr., and Adeline Wright, his wife, should

not be set aside, is hereby dismissed, but it is hereby adjudged and decreed that the aforesaid sale of the aforesaid property was and is subject to the lien of the Department of Public Assistance against Harold Yancy Thomas and Odella Thomas, his wife, at no. 318, August term, 1949, DSB.