## Bethlehem-Cuba Iron Mines Co. v. Singer

*Francis A. Dunn* and *Robert G. Rose*, for plaintiff.
*Englehart, Larimer & Englehart*, for defendants.

GRIFFITH, J., March 13, 1957.—On June 13, 1938, the county treasurer of Cambria County sold to the county commissioners 135 acres of unseated land situated in the Township of Jackson, assessed in the name of James M. Singer Estate. According to the act of assembly then in force, the right of redemption of the owners of said land expired on June 13, 1943, and this right was not exercised. In the year 1955 the county commissioners presented a petition to this court requesting permission to sell said unseated land at pri-

vate sale to Francis A. Dunn, Esq. After notice and hearing, the sale was approved and a deed delivered. In the same year, the purchaser conveyed the premises to plaintiff.

On June 4, 1956, the complaint in this action to quiet title was filed and defendants, the heirs of James M. Singer, deceased, were served. An appearance was entered for defendants and an answer filed. The answer was followed by an amended answer in which defendants aver that the sale by the county treasurer of Cambria County to the county commissioners on June 13, 1938, was void for the reason that notice of said sale was not given to the registered owners of said land and that the said sale was not advertised in accordance with the provisions of the act of assembly relating to the sale of unseated lands for delinquent taxes. Plaintiff moved for judgment on the pleadings. Plaintiff's motion had been made after the filing of defendants' answer and before their amended answer had been filed but, by agreement of counsel, the motion for judgment on the pleadings is deemed to apply with like effect to the amended answer.

The Act of March 13, 1815, P. L. 177, 6 Sm. L. 299, 72 PS §5981, et seq., as amended, governs the sale of unseated lands for taxes. The Act of 1815 required the county treasurer to give 60 days' notice by advertising in a newspaper published in the City of Philadelphia. The amending Act of March 9, 1847, P. L. 278, as further amended by the Act of March 26, 1925, P. L. 82, provided that the county treasurer should publish a notice in at least two newspapers published within the county. It will be noted that neither the Act of 1847 nor the Act of 1925 repealed that portion of section 1 of the Act of 1815 which provided as follows:

". . . but the neglect of such treasurer to cause the said publications to be made shall not, in any case, in-

validate any sale made in pursuance of the provisions of this act."

In other words, the acts of assembly governing the sale of unseated lands for taxes does not require that notice of a proposed tax sale be given to the owners. The acts do require advertising notice of the sale but provide that the failure to advertise shall not invalidate the sale.

It is true that the owner is not personally liable for delinquent taxes levied against unseated lands in Pennsylvania: Stokely v. Boner, 10 S. & R. 254; Northumberland County v. Philadelphia and Reading Coal & Iron Company, 131 F. 2d 562. Moreover, the procedure in selling unseated lands for delinquent taxes differs somewhat from the procedure in regard to the sale of seated lands. So far as seated lands are concerned, the law has been recently clarified in Hess v. Westerwick, 366 Pa. 90; Ross Appeal, 366 Pa. 100; Luther v. Pennsylvania Game Commission, 381 Pa. 442, and in Foulk v. Albert, 387 Pa. 193.

The rule is that both the State and Federal Constitutions prevent one from being deprived of property without due proces of law and that this principle prevents the taking of one man's property and giving it to another "contrary to settled usages and modes of procedure, and without notice or an opportunity for a hearing": Hess v. Westerwick, supra. In the same case the court said, at page 97:

"Had the legislature provided for no notice at all there is little doubt the Act would have been invalid as offending these fundamental provisions of both state and federal constitutions."

It seems clear, therefore, that if the land here in question were seated land and if the same procedure were provided for the sale of seated land as is provided for the sale of unseated land, we would be compelled to find that defendants had not been accorded due proc-

ess of law and that consequently their title to the land had not been taken from them and given to plaintiff. Does the fact that the land in question is unseated land rather than seated land take it out of the rule? We think not. Our Constitutions, both State and Federal, provide that no person shall be deprived of "property" except by the law of the land or due process of law. If defendants' unseated land was "property", it is within the protection of the rule. That unseated land is "property", we have no doubt.

The word "property" has been defined as follows:

"As used in the various guarantees against the taking of property without due process of law, the term 'property' is used in its most general sense as embracing everything over which man may have exclusive control or dominion; . . .": 16A C. J. S. 696, Const. Law §599.

The Real Estate Tax Law of July 7, 1947, P. L. 1368, 72 PS §5860.102, is not applicable in Cambria County for the reason that the county commissioners have not as yet accepted the provisions of the same. This act, however, contains a positive expression on the part of the legislature that unseated lands are "property". The act defines "property" as follows:

" 'Property', real property subject to a tax lien or against which a claim is being or has been filed as a lien. 'Property', includes both seated and unseated lands."

While a summary judgment should not be entered on a motion for judgment on the pleadings unless the right to judgment is clear (Downes v. Hodin, 377 Pa. 208; 2 Anderson, Pa. Civil Prac. 546) and "Orderly procedure requires that a court not treat with a question of law unless and until its solution is essential to the proper disposition of the matters litigated" (Broido v. Kinneman, 375 Pa. 568, 572), we have nevertheless, while accepting the allegations of fact contained in

defendants' answer as true, examined the inferences to be drawn therefrom and the conclusions of law relied on by defendants with a view to determining whether or not a legal defense has been raised as a matter of law: Toff v. Vlahakis, 380 Pa. 512. We find that it has.

It may be that at the trial defendants will be unable to show that the treasurer's sale of June 13, 1938, was not advertised, or they may fail to show that notice was not given to the land owners so that the issue may eventually be decided against them. However, in our opinion, this is not a matter for summary judgment at the present stage of the proceedings.

We, therefore, enter the following

### Decree

And now, March 13, 1957, at 3:30 p.m., after argument and upon due consideration, plaintiff's motion for judgment on the pleadings is hereby dismissed.

### Exception

To all of which counsel for plaintiff except and prays that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.