## Garlick v. Messerick

*William C. Archbold, Jr.,* and *Manus McHugh,* for petitioners.

*Albert Blumberg,* for defendants.

DIGGINS, J., March 11, 1960.—This is a petition for declaratory judgment to test the constitutionality of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 30, 1955, P. L. 225, 75 PS §453 (presently 75 PS §903), which provides that upon the conviction of an operator for driving an overweight truck, the truck itself may be impounded as security for the payment of the fine when the truck is owned by a person other than the operator. . . .

### Discussion

By reference to the act of assembly challenged, it will be found that the act makes any person operating any vehicle upon the highway, carrying an overweight burden, guilty upon summary conviction, and provides for payment of costs and a graduated schedule of fines, depending upon the extent of the overweight, and further provides as follows:

"In default of payment of any fine and costs of prosecution imposed, pursuant to the foregoing provisions of this penalty clause, the magistrate shall impound the vehicle, or combination of vehicles, and order the arresting officer, or other peace officer, to seize them. The magistrate shall, forthwith, notify the sheriff of the county wherein the violation occurred, who shall store the impounded vehicle, or combination of vehicles. The sheriff's costs, storage costs, and all other costs incident to impounding, shall be deemed additional costs of prosecution. The sheriff shall give immediate notice by telegram and registered mail, return receipt requested, of the impoundment and lo-

cation of the vehicle, or combination of vehicles, to the owner of said vehicle, or combination of vehicles, and the owner of the load if said owners' names and addresses are known or can be ascertained by the sheriff."

The act further provides for sale under terms and conditions if the fine and costs are not paid within 60 days.

The challenge here is whether or not an act comes within the due process clause of the Constitution which permits the impounding and sale of the owners' truck as security for the nonpayment of the fine and costs imposed upon the operator of said vehicle. We are of the opinion, at least under the facts in this case, that there has been no denial of the due process clause either of the Federal or the State Constitutions.

The foregoing facts indicate, and we have so found, that the operator of this truck was something more than a driver who moved only under specific and direct orders from the principal. He had considerable discretion in what hauls would be made. Indeed, he had latitude and discretion and duties in a field beyond that of a driver. His title was "operating engineer" and he had other duties in connection with construction activities of the principal and had been a long-term employe in the business even preceding the tenure of the present owners. Under these circumstances, it seems apparent that since the operator was operating within the scope of his duties, and the carrying or the refusal of this burden, the time of its being carried, etc., was a matter of discretion with him, the principals, in this case the owners and petitioners, are bound by the actions of their agent.

Under these facts, an act as the one in question, which places the fine upon the operator and impounds the truck in default thereof, is not unconstitutional, and further in this case, the contention of petitioners

that they had no notice of the arrest and conviction will not avail them a defense because notice to the agent is notice to the principal.

Highways are subject to the absolute direction and control of the Commonwealth. The right to use a public highway for travel or for the transportation of merchandise is not unrestricted. It is for the Commonwealth, acting through the legislature, to direct the conditions under which this limited right shall be exercised: Commonwealth v. Funk, 323 Pa. 390, 394, 395. The purpose of the statutory enactment is plain, viz., to control by State agency the movement of large vehicles on highways in the interest of the public safety and the statute enacted was well within the police power of the Commonwealth: McDonald v. Pennsylvania R. Co., 210 F. 2d 524.

"Due process" is defined in Hess v. Westerwick, 366 Pa. 90, affirmed in Foulk v. Albert, 387 Pa. 193. There the court held, in connection with a tax sale of land, that failure to give notice constituted a deprivation of property without due process, but where notice of the sale was given, due process was had. Here then, not only do we have due notice to petitioners by reason of the agency and the fact that the operator was operating within the scope of his agency, so that notice to the principals is implied in law, but the truck was not sold because the owners posted bond in lieu thereof, leaving before us then the single question of whether or not petitioners here are bound by the act of assembly in question. We think they are because the State had the power to enact the legislation, due notice of the arrest, the charge and the conviction is visited upon these petitioners by reason of the agency.

In this case, the court was furnished with excellent and comprehensive briefs by counsel on both sides. The brief for petitioners cites law from other jurisdictions, much of which we have no quarrel with, but it has to

do to an extent with general expressions as to what constitutes and what does not constitute due process. Nothing is called to our attention by counsel for petitioners in the Commonwealth which supports their position, and we cannot accept the general law offered because the specific facts here, showing agency under the law as we understand it, puts the principals in the shoes of the agent, and no one suggests that the process provided under this act is unconstitutional as to the agent, and, therefore, we make the following

### Conclusions of Law

1. The act of assembly did not operate in this case to deprive petitioners of their property without notice or without due process of law because notice is imputed to petitioners.

2. The fine imposed is not excessive.

Therefore, petitioners' petition for declaratory judgment must be dismissed, and we make the following

### Order

And now, to wit, March 11, 1960, the prayer of petitioners that the court enter a declaratory judgment declaring the Act of May 1, 1929, P. L. 905, as amended by the Act of June 30, 1955, P. L. 225, 75 PS §453 (presently 75 PS §903), unconstitutional is refused. An exception is allowed petitioners.

### Opinion

DIGGINS, J., November 10, 1960. — The foregoing action comes before us on a petition for declaratory judgment to test the constitutionality of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 30, 1955, P. L. 225, 75 PS §453 (presently 75 PS §903), which provides that upon the conviction of an operator for driving an overweight truck, the truck

itself may be impounded as security for the payment of the fine when the truck is owned by a person other than the operator.

Following a hearing on the merits before Diggins, J., findings of fact, conclusions of law and a thorough discussion thereof were made by the trial judge and on March 11, 1960, an opinion and order was filed refusing to declare the act unconstitutional.

It was subsequently determined that the order of the trial judge should not have been a final decree because the declaratory judgment act provides that where a jury trial is not demanded, the procedure shall be in accordance with the procedure in equity. Therefore, the court, by Sweney, J., on March 31, 1960, amended the order of March 11, 1960, nunc pro tunc, deeming it thereafter to be a decree nisi and granting leave to petitioner and defendants to file exceptions to the findings of fact and conclusions of law made by the court on March 11, 1960, and thereafter the petitioners filed exceptions, the first four of which are specifically abandoned as stated in petitioner's brief.

The fifth exception, as originally filed, was a general exception to the failure of the trial judge to make findings of fact requested by petitioners in their entirety from request no. 1 through no. 28, inclusive. At the argument and in the brief, this exception was limited to petitioners' requests for findings of fact nos. 12, 13, 14, 15, 16, 19, 24, 25 and 28. These we will deal with ad seriatum.

As to requests for findings nos. 12, 14 and 16, these are immaterial and whether found or refused, would not affect the conclusions of law.

Requests for findings of fact nos. 13, 15 and 19 are refused because they are in conflict with the findings of fact made by the trial judge numbered 5 and 6 in the adjudication.

As to the remaining requests for findings of fact 24, 25 and 28, these were properly refused because they are in conflict with the trial judge's findings of fact as expressed in findings of fact nos. 14 and 16.

Turning our attention then to the exceptions to the conclusions of law, the first and second exceptions are dismissed because the findings excepted to properly express law based upon the facts found by the trial judge.

Exception to conclusion of law no. 3 is dismissed because the conclusions of law requested do not properly express the law as applied to the particular facts found by the trial judge.

As to the fourth exception to the conclusions of law, this exception was not argued orally or in the brief and must therefore be considered as being abandoned and for that reason is dismissed.

In the opinion filed by the trial judge in this matter, the reasons given for the findings of fact and conclusions of law appear to this court to be adequate and compelling and we therefore adopt the reasoning as our own and make the following

## Order

And now, to wit, November 10, 1960, petitioners' exceptions to findings of fact and conclusions of law be and the same are hereby dismissed and we enter the following

### Final Decree

And now, to wit, November 10, 1960, the prayer of petitioner that the court enter a declaratory judgment declaring the Act of May 1, 1929, P. L. 905, as amended by the Act of June 30, 1955, P. L. 225, 75 PS §453, unconstitutional is refused.

An exception is allowed petitioners.