## Lachner v. Swanson

*Edward Petrillo,* for plaintiffs.

*H. R. Hampson,* for defendants.

WOLFE, P. J., July 17, 1974.—Plaintiffs have commenced their action in ejectment, alleging they are the lawful owners of certain premises being and situate in Warrant Number 3190, Jenks Township, Forest County, as deeded to them from Irene Howe and Gibson Howe, Sr., her husband, by deed dated May 26, 1972, and properly recorded.

Plaintiffs' chain of title shows it is the same premises conveyed by defendant to Irene Howe and Gibson Howe, Sr. by deed dated June 4, 1973, and properly recorded.

Plaintiffs alleged defendant has his living quarters constructed over their property line and has located other buildings or portions thereof on plaintiffs' premises without their permission. These allegations have been joined by defendant's answer denying plaintiffs are the lawful owners of a portion of the premises due to a mutual mistake of description of the parties (Swanson to Howe) in the deed.

In a counterclaim, defendant asserts the area claimed by plaintiffs was never intended to have been conveyed to them by their grantor nor did plaintiffs intend to acquire said premises at the time of their purchase.

It is thus defendant's position that plaintiffs' property description was erroneously made when defendant conveyed a portion of his property to Irene and Gibson Howe.

The pleadings are closed and plaintiffs now move for judgment on the pleadings, alleging defendant's answer violates Pennsylvania Rules of Civil Procedure 1029, 1030 and 1031; that the answer fails to state a legal defense and is argumentive, vague and indefinite, and that the counterclaim is improper in that defendant is seeking reformation of the deed to plaintiffs.

A motion for judgment on the pleadings is, in effect, a demurrer: London v. Kingsley, 368 Pa. 109 (1951). Pennsylvania Rule of Civil Procedure 1034 thus permits a defendant, in addition to a preliminary objecttion, to challenge the sufficiency of a complaint after the pleadings are closed: Goldman v. McShain, 432 Pa. 61 (1968). The court, in the face of the motion, must accept as true every well-pleaded fact and all fair inferences flowing therefrom, and, if there is any question of fact to be resolved, the motion cannot be granted: Toff v. Vlahakis, 380 Pa. 512 (1955); Evans v. Marks, 421 Pa. 146 (1966); Necho Coal Company v. Denise Coal Company, 387 Pa. 567 (1957).

It is now completely settled that the essential elements of an action in ejectment are plaintiffs' allegations of their (1) ownership and right to immediate possession; (2) defendant's wrongful possession, and (3) the request for relief: Lang v. Colonial Pipe Line Company, 266 F. Supp. 552 (1967).

In the instant case, these allegations have been stated by plaintiffs and have been denied by paragraph 3 of defendant's answer, to-wit, plaintiffs are the lawful owners and are entitled to exclusive possession. These allegations and denial thereof certainly raise questions of fact. Plaintiffs, by requesting judgment, compel the court to accept as true every well-pleaded fact and all fair inferences flowing therefrom. Although plaintiffs could have filed preliminary objections requesting the court to consider the propriety of defendant's answer, plaintiffs elected not to do so and now argue, as they have a right to do on the whole record, that defendant, as a matter of law, is not permitted to go to the factfinders. With this argument, we disagree. Plaintiffs must bear in mind they have the burden of proof and must stand on the strength of their own title and not the weakness of defendant's title. Plaintiffs acknowledge their source of title originated with

defendant and defendant denies part of plaintiffs' title. We are of the opinion that defendant should be permitted to go to the factfinders on the question of the strength of plaintiffs' title and plaintiffs' immediate right of possession and compel plaintiffs to prove by a fair preponderance of the evidence the essential elements in an action of ejectment.

Plaintiffs argue defendant's answer is a complete nullity and defendant, by his counterclaim, is attempting to reform the deed from himself to Howe. If plaintiffs are not successful that may be the effect of plaintiffs' action; however, as a practical matter, defendant may not have had any knowledge of the alleged error in the deed to Howe creating the current dispute. The fact that the alleged error has not come to light until after Howe conveyed the premises to plaintiffs should not prevent defendant from asserting it. To hold otherwise would shift the burden that plaintiffs bear to defendant. Further, it was plaintiffs' election not to file preliminary objections to the answer and counterclaim but filed a demurrer to the entire record. In reviewing this answer, we conclude there is sufficient conflict for the factfinders which prevents the court, as a matter of law, to find sufficient answer to plaintiffs' allegations. We agree with plaintiffs there may be evidentiary questions and the relevancy of issues brought out at time of trial by defendant that would not be proper, but, at this posture of the case it is clear that judgment should not be entered for plaintiffs.

For the foregoing reasons, we enter the following order:

## ORDER

And now, July 17, 1974, plaintiffs' motion for judgment on the pleadings is denied.

Exceptions to plaintiffs.