## Alessi v. City of Erie

*Darrel C. Negri,* for plaintiff.
*Robert. D. Hagin,* for defendants.

JIULIANTE, *J.,* April 18, 1986 — This matter is before the court on plaintiff's motion for judgment on the pleadings. The relevant facts, briefly stated, are as follows:

Plaintiff was an employee of the City of Erie. On July 31, 1981, plaintiff retired from active duty as a result of a physical disability. From July 31, 1981, until January 27, 1982, plaintiff was paid her accumulated sick leave and vacation pay. Plaintiff applied for her disability pension on March 30, 1982. Plaintiff's application for disability pension was refused on September 27, 1982. The reason given for the refusal was that all three examining physicians were not of the opinion that plaintiff was permanently and totally disabled. Both parties agree that two of the examining physicians have concluded that plaintiff is totally and permanently disabled. It is the opinion of the third examining physician which has given rise to the instant case. The relevant paragraph of the doctor's opinion provides:

"I feel that Mrs. Alessi is totally disabled from performing her job duties, but I do not feel that she is permanently disabled from doing some kind of work, such as sitting at a desk. It is important that she keeps her diabetes, as well as blood pressure, under good control."

A motion for judgment on the pleadings may be entered only in clear cases, where there are no issues of fact, and only where the case is so clear that a trial would be fruitless exercise. Toff v. Vlahakis, 380 Pa. 512; 112 A.2d 340 (1955).

The provisions providing for disability pensions for city employees are located in Article 145 of the Codified Ordinances of the City of Erie, Pennsylvania. Section 145.05(a) of Ordinance No. 52-1963 states:

"Should an officer or employee, however, become so permanently disabled as to render him unable to perform the duties of his position or office after ten years of service, which shall not include credit for certain military service under Section 145.20, he shall be entitled to full compensation during such disability. *Proof of such disability shall consist of the sworn statement of three practicing physicians, designated by the Board, that the employee is in such a condition of health which would permanently disable him from performing the duties of his position or office.* Such person shall thereafter be subject to physical examination at any reasonable time upon order of the Board. Upon his refusal to submit to any such examination, his pension shall cease. (Emphasis added.)

The City of Erie contends that plaintiff is not permanently disabled, and therefore, does not qualify for a disability pension. The City bases its position upon the statement of the doctor which states that

plaintiff is not "disabled from doing other types of work." We believe the City's reliance upon the doctor's statement is misplaced. The plain language or the ordinance is clear and unambiguous. The employee must be in a condition of health which permanently disables the employee from performing the duties of her position. The ordinance does not call for disability from *all* employment, as the defendant suggests. The doctor's report states that the plaintiff is totally disabled from performing her job duties. Therefore, we believe that plaintiff is entitled to receive the disability pension.

The City also relies upon a later opinion letter by the same doctor that plaintiff could perform some of her job duties. However, this opinion was made seven months after the doctor's only physical examination of the plaintiff. The later opinion was not the result of new and/or recent physical examination done by the doctor.

Accordingly, we enter the following

## ORDER

And now, this April 18, 1986, it is hereby ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings is hereby granted. Defendant is hereby ordered to compute the amount of total disability pension benefits payable to plaintiff, retroactive to her onset date, and make this payment available to plaintiff within 30 days, with interest thereon to this date. All future benefits payable to plaintiff shall be made in accordance with the provisions of the pension plan.