## Coates *et al. versus* Gerlach.
## Gerlach *versus* Coates *et al.*

*Validity of Conveyance from Husband to Wife as against Creditors.*

1. A deed from a husband to his wife is a nullity at common law; but contracts between them will be enforced in equity if reasonable and not prejudicial to creditors.

2. A husband may make a gift to his wife or a settlement upon her, without the intervention of a trustee, which equity will sustain if it be no more than a reasonable provision for her, proportioned to his circumstances, and not hurtful to his creditors; but a conveyance that denudes a husband of all or the greater part of his property, is much more than a reasonable provision for a wife.

3. The circumstances of the husband are to be regarded in deciding what is a reasonable provision for a wife.

4. Equity will not aid a wife against those who have been misled by her laches.

ERROR to the District Court of *Allegheny county*.

These were attachment executions sued out by the firm of G. M. Coates & Co. on judgments held by the firm against Frederick Michaels, in which Andrew Gerlach was summoned as garnishee. It was conceded that at the date of the service of these writs there was in the hands of the garnishee the sum of $2400, but this money was claimed by Mina Michaels, wife of Frederick, and the defence was made by the garnishee in her behalf. The cases were tried in the District Court together. The facts of the case are fully stated in the opinion of this court.

Under the instructions of the court below (HAMPTON, P. J.), there was a special verdict in favour of the plaintiffs, finding the sum of $2400 in the hands of the garnishee, subject to the opinion of the court upon the questions raised by the points propounded by the plaintiffs, which were ruled against the plaintiffs, and judgment entered only for $500. The substance of these points will also be found in the opinion of this court.

Writs of error were sued out by both parties, and both cases were argued and considered in this court together.

*Hamilton & Acheson*, for plaintiffs.

*John Bratton*, for the garnishee.

The opinion of the court was delivered by

STRONG, J.—The two cases in the District Court were tried as one. They were in substance, if not in form, consolidated. But one verdict was returned, and but one judgment was entered. Both parties have sued out writs of error, and they are most

[Coates *et al. v.* Gerlach.]

conveniently considered together. The cases in the court below originated in attachment executions against Frederick Michaels, in which Andrew Gerlach was summoned as garnishee. On the trial the jury found for the plaintiffs, and that the garnishee had in his hands the sum of $2400, of which $1900 were due from him on account of his purchase of real estate, and $500 on account of his purchase of personalty. The verdict was, however, subject to the opinion of the court upon four points which had been reserved. Upon these points the opinion of the court was unfavourable to the plaintiffs, and therefore judgment was given in their favour only for $500, the amount which the jury had found in the hands of the defendant on account of his purchase of personalty.

The garnishee defended under Mina Michaels, the wife of the defendant in the execution, and the main contest in the cases was, whether the property which the garnishee had bought, and for which he was indebted, was the property of the husband or of the wife. To this question the points reserved related. They will not be understood without a brief reference to the facts of the case.

On the 31st day of July 1847, Frederick Michaels, the defendant in the execution, purchased a tract of land, the same which was subsequently sold to the garnishee, and took a deed for it in his own name. There is some evidence that he had received a considerable part of the purchase-money from his wife, and that it was applied in the purchase. She had obtained about $600 from the estate of a deceased sister, and of this the husband applied about $440 to the purchase, paying the remainder of the consideration of the conveyance out of other funds which he had. The title remained in him until 1857 at least, if not until 1858. On the 17th of August 1857, he endorsed notes for his son, which were not paid at maturity, and upon his endorsements suits were brought in 1858, and the judgments were recovered which are the foundation of these attachments. On the 2d day of December 1857, fourteen days before the first note became payable, a deed was placed upon record from Frederick Michaels to Mina Michaels his wife, purporting to have been dated on the 23d day of March 1857, and acknowledged the same day, conveying to her the whole tract of land which he had purchased in 1847, for the consideration of $10. There was no direct evidence when this deed was delivered. On the 21st of January 1858, Frederick Michaels, professing to act for his wife Mina, sold the property and all his farm stock by articles of agreement to Gerlach, the garnishee, for the sum of $3400, of which there is evidence that $1000 was paid to the wife. Subsequently a deed to the garnishee was made by her, and a mortgage to her was taken for $1900.

[*Coates et al. v. Gerlach.*]

Any question of actual fraud in the deed from the husband to the wife is out of the case, for upon that the jury has passed. But the court reserved the questions whether a delivery of that deed prior to the time when the debt of the defendant was incurred (August 13th 1857), could be presumed from the deed itself, and its acknowledgment; whether as against creditors, dealing with him without actual notice, the deed did not take effect only from the date of its record; whether a conveyance made by a husband to his wife, without the intervention of a trustee, is not void at law, and sustainable only in equity; and whether Mina Michaels, the wife, had shown any equity that can sustain her title to the fund in the hands of the garnishee against the plaintiffs. All these reserved questions were answered by the District Court against the plaintiffs, and they had therefore judgment only for $500, the value of the personal property which the jury found in the garnishee's hands.

We do not propose to consider all these questions, for in the view which we take of the third and fourth, the plaintiffs were entitled to a judgment for a sum sufficient to pay both their executions, the amount found in the garnishee's hands being much more than is required.

That a deed from a husband directly to his wife is a nullity at common law, is a doctrine as old as the law itself. It results inevitably from the principle that the husband and wife are one, and of course are incapable of contracting with each other. But while all conveyances from a husband to the wife, without the intervention of a trustee, are void at law, and some even when the transfer is made to a trustee for her, it is certain that contracts, even directly between them, will be sustained in equity if they are reasonable, and not prejudicial to creditors. A husband may make a gift to his wife, or a settlement upon her without the intervention of a trustee, and equity will hold it good if it be no more than a reasonable provision for her, be proportioned to his circumstances, and not hurtful to his creditors. In most of the cases in which equity has thus interfered, the contest has been between the wife and the heir, or personal representative of the husband. It is not so clear that such a conveyance will be sustained against a subsequent purchaser from the husband, unless it be for a valuable consideration.

In this case the settlement attempted by the deed from Frederick Michaels to Mina Michaels, his wife, was voluntary. The consideration mentioned in the deed was nominal, and no valuable consideration is proved. The wife released no rights of dower in any of the husband's property. She transferred to him no separate property of hers; she renounced no inheritance of her own descending after marriage; she ceded nothing which belonged to her, and the deed was not in pursuance of any ante-

nuptial arrangement. It is true, she had money in 1847, which the husband took and applied in part payment of the purchase of the land. But the money which she then had became his by virtue of the marital relation, and she neither asked, nor did he promise to compensate her for it. He was not obliged to resort to a court for assistance in obtaining the money, and therefore she had not what is called "a wife's equity." In Benedict *v.* Montgomery, 7 W. & S. 238, a deed from a husband to his wife for land which he had bought with money received from the sale of her real estate, that she had united with him in selling, was held to be voluntary, there having been no proof that he had assured her he would make the conveyance if she would join him in selling her property. That was a contest between the heir of the wife and a purchaser under the will of the husband, with notice of the deed to the wife.

Regarding then, as we must, the deed dated March 23d 1857, and recorded December 2d 1857, as a gift or a voluntary settlement, it remains to be considered whether it was a reasonable provision for the wife, taking into view the circumstances of the husband, and whether it is not prejudicial to creditors. A court of equity will not enforce a voluntary conveyance, if it be of more than a reasonable provision: Beard *v.* Beard, 3 Atk. 72; Story's Eq. § 1374. Upon this branch of the case it is conclusive against the wife that the deed was for all the husband's real estate, and indeed for all his property, so far as appears, except some farming stock, subsequently sold by him for $500. A conveyance that denudes a husband of all, or the greater part of his property, is much more than a reasonable provision for a wife; for in considering what is and what is not a reasonable provision, the circumstances of the husband are to be regarded, his probable necessities as well as his debts. Equity will not assist a wife to impoverish her husband. Accordingly it has always been held that a conveyance to a wife of all or the greater part of a husband's estate, is an unreasonable provision, which, if voluntary, a court of equity will not sustain. Section 1, Fonblanque's Eq., book 1, ch. 4, § 12, note a, where the author remarks that "if a conveyance be of the whole, or the greater part of a grantor's property, such conveyance or gift would be fraudulent; for no man can voluntarily divest himself of all, or the most of what he has, without being aware that future creditors will probably suffer by it." 2 Story's Eq. § 1374, where the principle is clearly stated with a reference to authorities. It is recognised also in Benedict *v.* Montgomery, and in Stickney *v.* Borman, 2 Barr 67.

There is another aspect of this case, not at all favourable to the claim of the wife. It is that she withheld the deed of her husband from record until December 2d 1857. In asking that

[Coates et al. v. Gerlach.],

a deed void at law should be sustained in equity, she is met with the fact that she asserted no right under it; in fact, concealed its existence until after her husband had contracted the debts, against which she now seeks to set it up. There appears to have been no abandonment of possession by the husband. All remained, and was permitted by the wife to remain as it had been from 1847. Even if the deed was delivered on the day of its date, the supineness of the wife gave to the husband a false credit, and equity will not aid her at the expense of those who have been misled by her laches.

We hold, therefore, that neither in law nor in equity can the deed of Frederick Michaels to his wife be held to have divested his interest. Consequently the whole sum in the hands of the garnishee was his, and liable to attachment at the suit of his creditors.

This view of the cases takes away all importance from the writs of error sued out by the garnishee. At all events, there is sufficient in his hands to pay the two judgments of the plaintiffs below, and the verdict and judgment does not conclude him as to any others.

GERLACH v. COATES et al.
GERLACH v. COATES et al.

Judgment against the plaintiff in error, and that he take nothing by his writs.

COATES et al. v. GERLACH.
COATES et al. v. GERLACH.

Judgment reversed, and judgment entered for the plaintiffs below for $1297.26 and costs, including the costs of the two judgments against Frederick Michaels.