## Farmers Trust Company of Lancaster *v.* Bevis et ux., Appellants.

Argued May 18, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert Ruppin,* with him *Willis G. Kendig,* for appellants.

*F. Lyman Windolph,* of *Windolph & Mueller,* for appellee.

OPINION BY MR. JUSTICE DREW, June 17, 1938:

While extensively obligated to plaintiff, Harry A. Bevis conveyed real estate through an intermediary to

himself and wife as tenants by the entireties. Promptly thereafter plaintiff instituted the present suit to set aside the conveyance. After hearing, the court below decreed a reconveyance. Defendants thereupon took this appeal.

In 1914 Bevis bought a lot in Lancaster for $2,500 and took title in his own name. In 1915 he built a house upon it at a cost of $8,500, of which $5,000 was contributed by his wife's father. Title to the premises remained continuously in the husband until 1933 when the conveyance which is the subject of the present proceeding was made. At that time Bevis was liable to plaintiff bank as endorser of notes, aggregating $36,000, of the Lancaster Manufacturing Company, of which he was president, and, as the court below expressly found, he was also insolvent.

Plaintiff's right to compel a reconveyance is clear. Regardless of Bevis's actual intent, his voluntary conveyance while indebted and insolvent is presumed fraudulent under section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, as against his creditors. *Prima facie* any voluntary conveyance by one in debt is fraudulent as to creditors: *Fidelity Trust Co. v. Union National Bank of Pittsburgh,* 313 Pa. 467. A grantee cannot hold the property so acquired: *Queen-Favorite B. & L. Assn. v. Burstein,* 310 Pa. 219. Moreover, it makes no difference that Bevis was merely endorser on the notes plaintiff held; the foregoing principles are equally applicable though his obligations at the time of the conveyance were contingent: *Queen-Favorite B. & L. Assn. v. Burstein,* supra. Defendants complain of an alleged lack of proof of insolvency. We think the proof was ample. The conclusive answer, however, is that, to sustain the transfer, it was incumbent upon defendants to prove solvency: *Raub Supply Co. v. Brandt,* 323 Pa. 119; *Peoples Savings & Dime Bank v. Scott,* 303 Pa. 294.

Nor does it matter that a substantial part of the cost of the house was paid by the wife's father. It was testified that the money was contributed as a gift because of her services as his nurse during a year's illness. Notwithstanding, this gave her no interest, legal or equitable, in the property. It does not appear that there was any understanding that title was to be held differently subsequent to payment of this money. Nor could the circumstances give rise to a purchase money resulting trust. Such a trust arises "where a transfer of property is made to one person and the purchase price is paid by another": Section 440, Restatement of Trusts. But here payment of the money on behalf of the wife was not made in connection with the transfer of property. It was only a contribution to the construction of a house on premises already purchased by the husband with his own money. For these reasons the wife never had an interest either by express or resulting trust.

For the same reasons *Burns v. Coyne,* 294 Pa. 512, relied on by defendants, is inapplicable. There, real estate was purchased prior to the marriage of the defendants, husband and wife, with money given to her, title being taken in the prospective husband's name with the express arrangement that he was to convey it to his wife following the marriage. We held that his conveyance to his wife was valid as against the claim of his creditors. Plainly there the legal title was held at all times by the husband under a trust either express or resulting, a fact which does not exist in the case now before us. Consequently, the wife has no interest superior to the claim of creditors in the property they are seeking to reach.

Decree affirmed at appellant's cost.