Ferguson et al. *v.* Jack, Appellant, et al.

Argued May 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Charles W. Eaby,* for appellant.

*Wm. B. Arnold,* with him *John L. Bowman,* for appellees.

OPINION BY MR. JUSTICE DREW, June 24, 1940:

Plaintiffs are creditors of John C. Jack, now deceased, because of their having incurred considerable liability as sureties on various of his bonds as tax collector of Colerain Township. They instituted this suit in equity to set aside as fraudulent the conveyance of a farm made by Jack, through an intermediary without consideration, to himself and his wife as tenants by the entirety. After the taking of testimony on the amended bill and answer, the chancellor directed that the conveyance be set aside. Exceptions filed by the defendants were dismissed after argument, and, the decree having been made final, this appeal followed.

On December 12, 1934, when the conveyance in question was made, Jack was liable on his duplicates to the county, township and school district, for which he was tax collector, for taxes for the year 1934, which then remained unpaid and unexonerated, in the sum of $6,338.58. In addition to the farm of the estimated max-

imum value of $6,000, according to defendants' own testimony, he was also possessed of personal property worth $2,500, together with the warrants authorizing him to collect such taxes. It is well settled that a tax collector is liable for the whole amount of the tax duplicate received by him, unless paid or exonerated (*Commonwealth, to use, v. Stambaugh,* 164 Pa. 437, 447) ; and ordinarily he is accountable on the duplicate three months from delivery (*Commonwealth, for use, v. Perry,* 330 Pa. 355, 360).

Section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation incurred without a fair consideration." Thus, under the circumstances of the instant case, it was incumbent upon defendants to prove solvency: *Farmers Trust Company v. Bevis,* 331 Pa. 89, 91. And solvency must be proved as of the time the property was transferred: *Peoples Savings & Dime Bank & Trust Co. v. Scott,* 303 Pa. 294, 297.

To establish solvency, defendants contend that the warrants, accompanying the duplicates, authorizing Jack to collect the 1934 taxes were assets of sufficient value, together with his personal property, to meet his liabilities on the 1934 tax duplicates. No evidence, however, was offered as to the value of the warrants at the time the conveyance was made, except the fact that a portion of the 1934 taxes were paid a year or more subsequent to the transfer of the real estate involved. This in no way established the value of the warrants as of December 12, 1934, and, therefore, defendants did not meet the burden which the law cast upon them, and the chancellor correctly did not consider the warrants in determining the insolvency of Jack.

Furthermore, the pleadings warranted and the testimony established beyond a doubt that the conveyance

was fraudulent as to creditors under section 7 of the Act, which provides as follows: "Every conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." In *Iscovitz v. Filderman*, 334 Pa. 585, we said (p. 589), that this section of the Act ". . . requires that the intent to defraud must be actual as distinguished from intent presumed in law. Where the transaction is between husband and wife actual intent does appear where it is shown that there was a deed given for a nominal consideration. This is but a presumption of fact and places on the wife the burden of showing the fairness of the transaction: *Queen-Favorite B. & L. Assn. v. Burstein*, 310 Pa. 219. Since family collusion by a debtor is so easy to execute and so difficult to prove, the evidence to sustain the claim of the wife in such cases must be clear and satisfactory: *American Trust Co. v. Kaufman*, 276 Pa. 35; *Queen-Favorite B. & L. Assn. v. Burstein*, supra." The only evidence offered by defendants as to the intent of Jack in transferring his real estate was the testimony of the attorney in whose office the transaction was consummated, who said, without objection: "The sole purpose of the transfer was in reference to the transfer inheritance tax in case either one would die first, so there would be no tax to be payable by the survivor." Such testimony is obviously not *clear and satisfactory,* since we are not apprised as to the facts and circumstances upon which the witness based his conclusion. To accept defendants' position and permit the conveyance to stand after such an unconvincing showing of the fairness of the transaction would facilitate circumvention of the clear mandates of the Act and would operate to effectively frustrate its very purpose.

Decree affirmed.