**LEVY v. BUKES et al.**

**Civ. A. No. 4635.**

District Court, W. D. Pennsylvania.

April 29, 1946.

Harry J. Applestein and Morris Feldstein, both of Pittsburgh, Pa., for plaintiff.

Patterson, Crawford, Arensberg & Dunn, Charles F. C. Arensberg, and Ella Graubart, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The defendants have moved for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, or in the alternative for summary judgment under Rule 56 on the ground that the defendants are entitled to judgment as a matter of law.

By the complaint it is alleged that on May 24, 1945, a petition in bankruptcy was filed against Lewis Joseph F. Nagode, individually and trading as Pennsylvania Central Co., and that on June 6, 1945, he was duly adjudged a bankrupt, and on July 10, 1945, the plaintiff duly qualified as trustee. It is further alleged that on October 30, 1944, the said Lewis Joseph F. Nagode caused to be conveyed to himself and his wife, Margaret McCabe Nagode, a lot in Penn Township which on the same day had been obtained from Flora E. Conrad. The purchase price of this lot, it is stated, was paid by said Lewis Joseph F. Nagode entirely from his own funds, at a time when he was insolvent, and with intent on his part, inter alia, to hinder, delay or defraud his creditors. On July 12, 1945, two days after the trustee of the estate in bankruptcy had qualified, Nagode and his wife conveyed the lot to the defendants, and the deed was recorded on the same day.

The plaintiff trustee, asserting that the conveyance to the defendants was fraudulent as to Nagode's creditors, and that the defendants were put upon inquiry as to the validity of the transfer by the bankruptcy

proceedings and adjudication of Nagode, prays that the deed to the defendants be declared null and void and that Lewis Joseph F. Nagode and Margaret McCabe Nagode, his wife, be declared to be trustees of the lot conveyed for Lewis Joseph F. Nagode, bankrupt, as of the filing of the creditors' petition in bankruptcy.

Lewis Joseph F. Nagode and Margaret McCabe Nagode are not joined as defendants in the action.

The defendants have admitted the adjudication of Nagode as a bankrupt, and the conveyance of the lot in question to Nagode and his wife, and the transfer of it to themselves, as stated in the complaint, but deny that Nagode was insolvent when he had the lot conveyed to himself and his wife, or that the conveyance caused him to become insolvent. They further deny that his own funds were expended in the purchase, but allege the amount paid was from moneys of his wife and then owed by Nagode to her. The defendants further assert that the conveyance to themselves from Nagode and Margaret McCabe Nagode was a valid transfer of the property for its full and fair value.

As a further defense defendants allege that even if the misuse of his funds by Nagode in purchasing the lot were admitted, that that fact would not constitute a conveyance which would enable the plaintiff to recover it from defendants who are bona fide purchasers for the full and fair value, without any knowledge of any fraudulent intent on the part of Nagode, and as a further added defense they allege that the plaintiff was appointed receiver on May 24, 1945, and that he was guilty of laches in not securing an injunction against the transfer by Nagode and wife.

■ Assuming the insolvency of Nagode at the time he caused the premises to be conveyed to himself and his wife, and the transfer of it to defendants two days after his qualification as trustee, the plaintiff may be pardoned for some skepticism in respect to the last conveyance. Were Nagode and his wife the defendants in the action, and not the present defendants, no question would exist as to the sufficiency of the complaint. An apparent estate by entireties may be set aside by fraud upon creditors in its creation. See Iscovitz v. Filderman, 334 Pa. 585, 6 A.2d 270; Ferguson v. Jack, 339 Pa. 166, 14 A.2d 74.

■ Nagode and his wife, however, are not the defendants named in the complaint. When the deed was made to defendants the estate by entireties had been upon record for about seven months prior to the adjudication of Nagode in bankruptcy. While it must be admitted that in such case it would have been prudent for a proposed purchaser to make some inquiry as to the financial status of the apparent creator of the estate when it came into existence—witness the present action—nevertheless it would seem that the law has made the payment of the full and fair value of the property, plus a lack of participation in the fraud, as at least the partial equivalent of prudence.

Section 67, sub. d(6) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(6), provides: "A transfer made or an obligation incurred by a debtor adjudged a bankrupt under this Act, which is fraudulent under this subdivision d against creditors of such debtor having claims provable under this Act, shall be null and void against the trustee, except as to a bona fide purchaser, lienor, or obligee for a present fair equivalent value: Provided, however, That such purchaser, lienor, or obligee, who without actual fraudulent intent has given a consideration less than fair, as defined in this subdivision d, for such transfer, lien, or obligation, may retain the property, lien, or obligation as security for repayment."

The Pennsylvania Fraudulent Conveyance Act, 39 P.S. § 359.

"§ 359. Rights of creditors whose claims have matured.

"(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser."

Had the plaintiff set forth in the complaint a charge that defendants had knowledge of, or participated in, Nagode's al-

leged fraud upon his creditors, or if he had alleged that they had not paid the fair equivalent value of the property, an actionable case would have been made out. The complaint, or any amendment thereof, having no such allegations, the motion of the defendants must be allowed.