Cole-Knox Mortgage Company *v.* McGaffin et ux., Appellants.

Argued November 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William L. Jacob,* with him *William L. Jacob, Jr.,* for appellants.

*Hillard Kreimer,* with him *McCrady & Kreimer,* for appellee.

OPINION BY HIRT, J., December 28, 1956:

Walter P. Helinski and his wife were the owners of four adjoining lots in the Sixteenth Ward of the City of Pittsburgh. They contracted with McGaffin Construction and Supply Company, a corporation, for the erection of a dwelling house on their lots at a cost of $13,250. Defendant Charles A. McGaffin was the president of the corporation and his wife, the other defendant, was the majority stockholder. In financing the construction of the house Helinski and his wife secured a loan in the form of a construction mortgage in the face amount of $7,500 from the plaintiff, Cole-Knox Mortgage Company. The mortgage was dated February 16, 1952 and construction began early in the following month. Plaintiff Cole-Knox Company advanced a total of $6,720.46 on the mortgage. The lots were hillside properties and in June 1952 when the house was about 95% completed, the Helinskis through an excavating contractor, placed a large amount of dirt fill around the building, especially to the rear of the structure. The weight of the fill against the upper side of the house exerted so much pressure that it caused the building to move downhill from its foundation; other serious damage to the structure resulted.

By deed dated September 17, 1952, defendant Charles A. McGaffin bought the Helinski property in the expectation of saving the damaged house. He paid

the Helinskis $3,250 and in his own name took title under the above deed to the four lots as one parcel of land, with the damaged house upon it. The conveyance from the Helinskis which McGaffin accepted contained the following recital: "This conveyance is made under and subject to mortgage from grantors [Walter P. Helinski and Wanda M. Helinski, his wife] herein to Cole-Knox Mortgage Co., said mortgage being dated February 16, 1952, and of record in the Recorder's Office of Allegheny County, Pennsylvania, in Mortgage Book Volume 3266, page 558, on which the balance due on September 16, 1952, is $6,847.54, which grantee assumes and agrees to pay." On February 4, 1953, judgment on the bond accompanying the mortgage was confessed against the Helinskis and execution issued. The property however was returned "unsold" by the sheriff. On April 29, 1953, suit in assumpsit was instituted by Cole-Knox Mortgage Company against Charles A. McGaffin under his assumption agreement to pay the above mortgage and on June 6, 1953 judgment by default was taken against him for $7,750.33. On January 15, 1953 the house was condemned by the city building inspector and was later demolished by a wrecking company.

Defendant Charles A. McGaffin was the owner of two other tracts of land which had been conveyed to him by the Helinskis in 1950. In August 1951 he and his wife Rita I. McGaffin had entered into articles of agreement with one Joseph M. Klein and wife for the purchase of 1.68 acres of vacant land in Upper St. Clair Township, Allegheny County, referred to as the Paris Lake property. In the written contract they agreed to pay $1,350 for the land. The deed from the Kleins conveying the property was made in the name of defendant Charles A. McGaffin, alone, as grantee.

By deed dated January 26, 1953, duly recorded, McGaffin conveyed all of the above land to himself and his wife as tenants by the entireties. McGaffin then had no other assets in his own name and the conveyance rendered him insolvent.

The present action in equity was brought February 25, 1953 to set aside the deed of January 26, 1953 as fraudulent and void. By final decree entered on September 7, 1955 the defendants were ordered to reconvey all of the lands described in the above deed, to Charles A. McGaffin. The defendants concede that the decree is proper except as to the Paris Lake property. In this appeal from the decree, the defendants contend that the property in Upper St. Clair Township was bought by them from Klein in accordance with articles of agreement entered into by them with Klein. They both signed the sales agreement and they paid the purchase price of $1,350 out of funds raised by increasing the mortgage on their home. They contend that it was through a mistake that the deed for this property from Klein and his wife named Charles A. McGaffin as the sole grantee. Although the deed from the Kleins for the Paris Lake property was dated October 16, 1951 and was delivered on that date, Charles A. McGaffin testified that he did not discover that his wife was not named in the deed as a grantee until 1953. It is contended that there is error in the final decree of the court which deprives the wife-defendant of her interest and subjects the land to the judgment entered against her husband alone.

In the adjudication in this case, in addition to findings upon admitted facts, the chancellor found: "11. . . . that at the time of the transfer . . . [by his deed dated January 26, 1953 of lands described therein to himself and his wife] defendant Charles A. McGaffin had no

other assets, real or personal, in his own name; that the said transfer rendered him insolvent; that at the time of said transfer defendant Charles A. McGaffin was indebted to Cole-Knox Mortgage Company in a sum well in excess of the value of the real property transferred . . . and that defendant Rita I. McGaffin knew that the transfer would thereby render defendant Charles A. McGaffin insolvent." The chancellor also found "15. Defendant Charles A. McGaffin, though given the opportunity in this proceeding to duly present proof of his financial status at the times material hereto, failed to present any such proof." In the adjudication the chancellor stated: "The Court is of the opinion that the wife knew, or ought to have known of the conveyance of January 30, 1953 and its full contents."

The chancellor concluded that as to Cole-Knox Mortgage Company the deed dated January 26, 1953 from Charles A. McGaffin to himself and wife was fraudulent and of no effect; accordingly in the decree nisi the defendants were ordered to reconvey lands described in the deed, to defendant Charles A. McGaffin who had been the record owner in fee of all the lands described in the deed. Defendants' exceptions were dismissed by the court and the nisi decree became final.

The present equity proceeding was brought under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §351 et seq. Section 7 of the Act provides: "Every conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." The Act defines "creditor" entitled to the benefit of the Act as a "person having any claim . . . absolute, fixed, or contingent" and "debt" as any "legal

liability . . . liquidated or unliquidated, absolute, fixed, or contingent." Section 7 requires "actual intent" to defraud. While that section of the Fraudulent Conveyance Act makes no mention of insolvency it is nevertheless significant that at the time of the conveyance in question Charles McGaffin admittedly was insolvent. Furthermore, "Actual intent to defraud" appeared as to the plaintiff creditor under the long established construction of the Act by reason of the conveyance from McGaffin to himself and wife as tenants by entireties without any consideration whatever except, according to the recital, "natural love and affection". *Queen-Favorite B. & L. Assn. v. Burstein,* 310 Pa. 219, 222, 165 A. 13; *Simon v. Sorrentino,* 145 Pa. Superior Ct. 364, 20 A. 2d 805. In this case therefore when the conveyance was challenged by the plaintiff creditor in the present proceeding, the burden was cast upon the defendants to show by clear and satisfactory proof that the conveyance was fair and that the grantor husband then was solvent. *American Trust Co. v. Kaufman,* 287 Pa. 461, 469, 135 A. 210. Under §4 of the 1921 Act, supra, a conveyance made without a fair consideration may be set aside without proof of actual fraudulent intent. *Bennett Trustee v. Erwin,* 325 Pa. 330, 189 A. 675. Cf. also, *Farmers Trust Co. of Lancaster v. Bevis et ux.,* 331 Pa. 89, 200 A. 54; *Iscovitz v. Filderman,* 334 Pa. 585, 6 A. 2d 270; *Ferguson v. Jack,* 339 Pa. 166, 14 A. 2d 74.

The findings of the chancellor are amply supported by the evidence. The defendants utterly failed to meet the burden upon them of proving that the conveyance was fair or that Charles A. McGaffin had other assets. His insolvency is admitted and the propriety of the decree is conceded as to all land described in the deed except the Paris Lake property.

As to this Paris Lake property conveyed by the Kleins, the wife either knew or should have known in 1951 that the conveyance was to her husband alone. She therefore is barred by laches in not asserting her right until 1953 at a time when her husband had become insolvent. Equity will not aid a wife against those who have been misled by her laches. *Coates v. Gerlach*, 44 Pa. 43.

Decree affirmed.