## Muratore v. Holowiak

*C. William Freed,* for plaintiff.

*Harry L. Lees, Jr.,* for defendant.

SATTERTHWAITE, P. J., March 29, 1972.—Ambiguities and surplusages of pleading in plaintiff's complaint have evoked captious and completely inconsequential preliminary objections by defendants. The matter is before the court for disposition of such preliminary objections under Bucks County Rule ★266.

Plaintiff, alleging herself to be a creditor of defendant, Elva E. Holowiak, seeks relief under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §351, et seq., and requests the court to adjudicate as fraudulent as to creditors a conveyance

of certain real estate by said defendant to her son and daughter, the other defendants.

According to the complaint, plaintiff is the surviving mortgagee of a purchase money mortgage given in 1953 by said Elva E. Holowiak (hereinafter "defendant") and her now deceased husband in the amount of $35,000, being part of the total purchase price of $68,100 for a certain business premises (hereinafter "business property") and items of personal property and fixtures therein. Another $10,000 of the purchase price was originally secured by a chattel mortgage, but subsequently a $10,000 judgment note of defendant and her (now deceased) husband to plaintiff was substituted therefor.

In late 1971, plaintiff brought an action of mortgage foreclosure against defendant for the mortgaged business property and obtained judgment therein in the amount of $40,132.29, plus costs. Execution was issued thereon and sheriff's sale of said business property was scheduled for March 10, 1972 (a date in futuro as of the time the within equity action was filed).

The complaint herein further alleges the deterioration and resulting diminution in value of the business property, and its ultimate abandonment by defendant, "so that its then, and present, value was well below the debt secured thereon," and that, accordingly, there is the likelihood of plaintiff's obtaining a deficiency judgment and occasion by reason thereof "to seek her rights in other property of the defendant for satisfaction thereof."

It is still further averred that in 1954, defendant and her husband had acquired title to another and entirely separate and independent house and parcel of real estate (hereinafter the "residence property"), which, by the entry of plaintiff's $10,000 judgment note and

subsequent timely revivals of that judgment, became, and still remains, subject to the lien thereof, but which, of course is not subject to the lien of the mortgage. On March 6, 1970, this residence property was conveyed by defendant to defendant's son and daughter, and it is this conveyance which plaintiff proposes to set aside and adjudicate fraudulent by the within equity action. She alleges that the same was done "without a fair or adequate monetary consideration"; that defendant "has retained possession" of the premises; that at the time of said conveyance, defendant "fraudulently planned, schemed and conspired to convey and transfer . . . [the residence property] . . . without a fair and adequate [consideration], for the purpose of making it unavailable to Plaintiff as a creditor;" that said conveyance "was fraudulent as to her rights arising from the mortgage indebtedness of Defendant by depriving Plaintiff of premises which could have been available to her as a creditor for satisfaction of the indebtedness due;" and that such conveyance "rendered the Defendant, Elva E. Holowiak, insolvent since she was then indebted to Plaintiff in an amount exceeding $45,000, represented by the said mortgage and judgment note and, despite the demands of Plaintiff, since made, she has been unable to pay the said debt, with the interest and costs now accrued."

It seems apparent from the foregoing that plaintiff has stated a cause of action for relief under the statute, pursuant to the theories of both section 4 thereof, 39 PS §354 (conveyance by one who is, or is thereby rendered, insolvent if done without fair consideration), as well as section 7 thereof, 39 PS §357 (conveyance with actual intent to hinder, delay or defraud either present or future creditors). Plaintiff's status as a creditor, notwithstanding the present uncertainty

as to the amount ultimately remaining due for which she may resort to the subject residence property, which uncertainty will continue until the sheriff's sale and the disposition of subsequent deficiency judgment proceedings if she becomes the purchaser (as, in fact, has happened, according to counsel's brief), is certainly within the broad ambit of section 1 of the act, 39 PS §351, which defines a creditor as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." See First National Bank of Marietta v. Hoffines, 429 Pa. 109 (1968); Malis v. Zinman, 436 Pa. 592 (1970), and cases therein collected and reviewed. Cole-Knox Mortgage Company v. McGaffin, 182 Pa. Superior Ct. 610 (1956), involved a not legally dissimilar factual situation, being likewise concerned with a mortgagee's right to recourse against other property fraudulently conveyed to defeat a deficiency judgment.

Accordingly, if any of defendant's preliminary objections are intended as demurrers (and it is difficult to determine the actual objective of defendant's pleading in this connection in view of the uncertainties of phraseology thereof), they are hereby severally and respectively overruled. The particular objections may be, and hereby are, disposed of seriatim as follows without extended discussion:

Nos. 1 and 4 are hereby overruled as captious.

Nos. 2, 3 and 5, complaining of failure to attach copies of the mortgage, the chattel mortgage and the judgment note are overruled. Such documents are not writings upon which plaintiff's cause of action "is based" and, hence, are not within Pa. R. C. P. 1019(h). To the contrary, the foundations for the instant action are the fact of the unpaid balance of the original mortgage indebtedness and the allegedly fraudulent trans-

fer of the residence property. The former, according to counsel's brief, is represented by the bond of defendant and her now deceased husband accompanying the mortgage on the business property; the latter is documented by defendant's deed dated March 6, 1970, for the residence property. To comply with Pa. R. C. P. 1019(h), therefore, copies of the bond and deed should be attached, and plaintiff is accordingly hereinafter required to file an amended complaint for that purpose.

Nos. 6, 7 and 9, being phrased as mere observations to the effect that the judgment in the mortgage foreclosure action is not a lien upon the residence property, that plaintiff has a remedy under the Deficiency Judgments Act, and that the $10,000 judgment on the judgment note cannot be combined with the $40,-132.29 judgment in the action of mortgage foreclosure, are hereby dismissed as being nonresponsive to the overall theories of the complaint and as completely missing the point of the litigation. Plaintiff makes no pretense of combining said judgments, and quite apparently she does propose to avail of the Deficiency Judgments Act. The problem here is that, if and when she has that deficiency judgment and is thereby enabled by the last paragraph of section 6 of that act, 12 PS §2621.6, "by appropriate proceedings to collect the balance of the debt," she may have nothing out of which to collect it unless she presently preserves her status with respect to the allegedly fraudulent conveyance by defendant of the residence property. Objections Nos. 6, 7 and 9 are, accordingly, dismissed.

No. 8, being a "speaking" objection and, hence, improper on that ground alone, alleges an offer to pay off the $10,000 judgment on behalf of defendants and plaintiff's counsel's refusal either to accept the same or to satisfy the judgment. The thrust of this

allegation, even if it be true, is not evident. This action is concerned with the preservation of plaintiff's rights with respect to the ultimate collection of the unpaid balance of the mortgage debt, and the $10,000 judgment lien has nothing whatsoever to do with that, except to reduce the value of defendant's equity in the residence property. Objection No. 8 is, therefore, hereby dismissed.

In fairness to defendant's counsel, some of the preliminary objections were invited by the verbosity of the complaint and the inclusion therein of averments unnecessary to the pleading, although possibly relevant as evidentiary matters. Accordingly, in order to clarify the situation and eliminate collateral facts having no significant bearing upon the real theories of plaintiff's action, the court, of its own motion, strikes off the complaint and gives leave to plaintiff to file an amended complaint wherein plaintiff may not only refer to, and attach copies of, the bond and the deed sued upon, but also eliminate extraneous matters and allege the present status of the mortgage foreclosure execution and possibly other proceedings ancilliary thereto.

## ORDER

And now, March 29, 1972, for the reasons stated in the foregoing opinion, defendants' preliminary objections to plaintiff's complaint are hereby severally and respectively each denied, overruled and dismissed. The court does, however, of its own motion, strike off plaintiff's complaint, with leave to file an amended complaint within 30 days from this date.