BRIGHT, Circuit Judge.
 

 Abraham Davis, the trustee in bankruptcy for SLF News Distributors, Inc. (SLF or the bankrupt), brought this action under section 67(d)(2)(a) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(a) (1976) (repealed 1978), to set aside as fraudulent a $10,000 transfer made by SLF to James M. Cook Construction Company (Cook). The bankruptcy court entered judgment against Cook and the district court affirmed, 6 B.R. 813. Cook now appeals from the judgment of the district court, contending that (1) the trustee’s complaint fails to state a cause of action; (2) the bankrupt made no “transfer” of funds to Cook within the meaning of section 67(d)(2)(a) of the Bankruptcy Act; (3) Cook should be considered a bona fide purchaser under section 67(d)(6) of the Bankruptcy Act. We hold that under the circumstances of this case, Cook qualifies as a bona fide purchaser and, as such, is entitled to retain the transferred funds. Accordingly, we reverse the district court.
 

 I.
 
 Background.
 

 [1]
 

 On June 18, 1976, Cook entered into a written contract with Allan Molasky, individually and as trustee for MAM Partnership (MAM), to provide labor and materials for the building of the Lettuce Leaf Restaurant located on real estate owned by Molasky and MAM. Cook completed its obligations under the contract; Molasky, however, failed to pay $14,000 owing on the contract.
 

 On November 2, 1976, Cook served notice on Molasky of its intent to file a mechanic’s lien pursuant to Missouri law, Mo.Rev.Stat. § 429.080 (1978). After negotiations, Cook agreed not to file its lien if Molasky immediately remitted $10,000.
 

 On November 4,1976, SLF drew its check on the First National Bank of Clayton in the amount of $10,000 in exchange for a $10,000 cashier’s check payable to Cook Construction Company.
 
 [2]
 
 That same day a representative of MAM delivered the cashier’s check to Cook’s attorney. The check designated MAM Partnership as “Remit-ter.” Thereafter, Cook directed its attorney not to file a mechanic’s lien statement.
 

 At the time of these transactions SLF was insolvent. Neither Cook nor its attorneys knew that SLF had furnished the funds for the bank cashier’s check. Cook believed that Allan Molasky, personally or as trustee for the MAM Partnership, had provided the funds in question. Cook first learned that SLF had initiated the $10,000 transfer during March of 1978, a short time before the trustee filed the complaint in this proceeding.
 

 Bankruptcy proceedings against SLF were commenced on November 10, 1976, by the filing of an involuntary petition. In 1978, the trustee filed a complaint against Cook for return of the $10,000, alleging that the payment to Cook constituted a fraudulent transfer under provisions 67(d)(2)(a)— (c) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(aHc) (1976) (repealed 1978). Cook denied liability and alleged as a defense that it received payment of the $10,-000 as a bona fide purchaser, asserting that it gave fair consideration by waiving its right to file a mechanic’s lien.
 

 
 *615
 
 The bankruptcy judge held that SLF made a fraudulent transfer to Cook under section 67(d)(2)(a) of the Act and rejected Cook’s bona fide purchaser defense. Accordingly, it entered judgment for $10,000 in favor of the trustee. Cook appealed to the district judge, who affirmed the bankruptcy court. Cook now appeals. For reasons stated below, we reverse.
 

 II.
 
 Discussion.
 

 Section 67(d)(2)(a) of the Bankruptcy Act provides:
 

 (2) Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent[.] [11 U.S.C. § 107(d)(2)(a) (1976) (repealed 1978).]
 

 The stipulated evidence establishes all the required elements of a fraudulent conveyance. SLF, while insolvent, made a $10,000 transfer
 
 [3]
 
 within a year prior to bankruptcy without receiving “fair consideration.”
 
 [4]
 
 As recognized by the bankruptcy judge and the district court, transfers to pay another’s debt are not made for “fair consideration.”
 
 See
 
 4
 
 Collier on Bankruptcy
 
 ¶ 67.33, at 514.1 and cases cited at n.33 (14th ed. 1975).
 

 That the transfer by SLF was fraudulent, however, does not necessarily entitle the trustee to a judgment against Cook. Section 67(d)(6) provides in pertinent part:
 

 (6) A transfer made or an obligation incurred by a debtor adjudged a bankrupt under this title, which is fraudulent under this subdivision against creditors of such debtor having claims provable under this title, shall be null and void against the trustee, except as to a bona fide purchaser, lienor, or obligee for a present fair equivalent value[.] [11 U.S.C. § 107(d)(6) (1976) (repealed 1978).]
 

 The crucial question presented on this appeal is whether Cook, by releasing its mechanic’s lien rights on receipt of the $10,000 check, should be deemed “a bona fide purchaser, lienor, or obligee for a present fair equivalent value.”
 

 Cook contends that it acted as a bona fide purchaser of the check because it released its lien claim for $14,000 in the honest belief that its debtor, MAM, provided the funds for the cashier’s check. The bankruptcy court and district court rejected this contention because the bankrupt owed no debt to MAM or Allan Molasky and thus the absence of consideration moving to the bankrupt from Cook barred Cook from qualifying as a bona fide purchaser. The district court deemed immaterial Cook’s lack of notice or knowledge of the bankrupt’s involvement in the transfer.
 
 [5]
 

 
 *616
 
 We conclude that the district court’s analysis does not properly take into account the special circumstances present in this case.
 

 SLF transferred $10,000 to the First National Bank of Clayton. The bank transferred these funds to Cook through a cashier’s check which indicated MAM as remitter. MAM, in turn, delivered the check to Cook. As previously noted, Cook did not know or receive notice that these funds emanated from anyone else than its debtor.
 
 [6]
 
 Although the funds originated with the bankrupt, the instrument of transfer passed to Cook from a source other than the bankrupt. Thus Cook’s situation was akin to that of a subgrantee of property from the original transferor, SLF.
 

 Under section 67(d)(6) of the Bankruptcy Act, a good-faith subgrantee for a present fair equivalent value is entitled to retain its acquisition against the claim of the original grantor’s trustee in bankruptcy. 4
 
 Collier on Bankruptcy
 
 ¶ 67.41[6], at 603 and cases cited at n.72 (14th ed. 1975). Cook gave “fair equivalent value” by releasing a lien claim of $14,000 to its transferor-debtor, MAM, upon receipt of a $10,-000 cashier’s check from MAM.
 
 [7]
 
 Because Cook had no notice or knowledge of the source of the funds or the trustee’s claim against them, Cook must be presumed to have acted in good faith.
 
 See
 
 4
 
 Collier on Bankruptcy
 
 ¶ 67.41[4] at 589-91 (14th ed. 1975). In fact, Cook’s position, based on its lack of knowledge or notice, is superior to that of a bona fide subgrantee of property, who might well know the chain of title.
 
 See, e. g., May v. Moss,
 
 194 F.2d 133 (8th Cir.),
 
 cert. denied,
 
 343 U.S. 952, 72 S.Ct. 1046, 96 L.Ed. 1353 (1952);
 
 Morrison v. Bay Parkway Nat. Bank,
 
 60 F.2d 41 (2d Cir.),
 
 appeal dismissed per stipulation,
 
 296 U.S. 669, 57 S.Ct. 756 (1932);
 
 Levy v. Bukes,
 
 65 F.Supp. 494 (W.D.Pa.1946). Thus, we conclude that the protection afforded by section 67(d)(6) to a bona fide subgrantee of property for present fair equivalent value should apply to a purchaser in the posture of Cook.
 

 We note that the particular facts of this case apparently make it one of first impression. At least, the parties have cited no cases in which a transferee, like Cook, received funds from the bankrupt but gave present fair equivalent value to a third party in the honest belief that this third party furnished the funds in question.
 
 [8]
 

 We conclude that, under the present circumstances, Cook should be granted bona fide purchaser status under section 67(d)(6) of the Bankruptcy Act. Accordingly, we reverse and remand with directions to enter a judgment of dismissal of the trustee’s complaint against Cook.
 

 [1]
 

 . The parties have stipulated to the factual background of this case.
 

 [2]
 

 . SLF’s check to the bank bears the signatures of Mark Molasky and Ronald Hulse. The record does not indicate whether Mark Molasky of SLF and Allan Molasky of MAM are related or whether SLF received any consideration from MAM for this transaction.
 

 [3]
 

 . Section 1(30) defines “transfer” to
 

 include the sale and
 
 every other and different mode, direct or indirect, of disposing of
 
 or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumberance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor[.] [11 U.S.C. § 1(30) (1976) (repealed 1978) (emphasis supplied).]
 

 [4]
 

 . Section 67(d)(1)(e) states:
 

 [Consideration given for the property or obligation of a debtor is “fair” (1) when, in good faith, in exchange and as a fair equivalent therefor, property is transferred or an antecedent debt is satisfied, or (2) when such property or obligation is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property or obligation obtained. [11 U.S.C. § 107(d)(1)(e) (1976) (repealed 1978).]
 

 [5]
 

 .The court relied upon the following comment from
 
 Collier on Bankruptcy.
 

 If the two conditions are present,
 
 viz.,
 
 lack of fair consideration and insolvency or resulting insolvency, there is a conclusive presumption of fraud, any intent to the contrary notwithstanding. [4
 
 Collier on Bankruptcy
 
 ¶ 67.34, at 518-19 (14th ed. 1975) (footnote omitted).]
 

 [6]
 

 . The district court determined that the transfer of funds actually occurred between SLF and the recipient; that no intermediate transfer to the partnership occurred or was intended; and that the legend of MAM as “Remitter” on the cashier’s check bore only on the issue of Cook’s notice or knowledge of the transaction — a matter deemed immaterial by the district court. On appeal Cook does not question the court’s finding that the transfer of funds occurred directly between SLF and Cook.
 

 [7]
 

 . The four-month statute of limitation under the Missouri statute, Mo.Rev.Stat. § 429.080 (1978), precludes Cook from now acquiring a lien on MAM’s property.
 

 [8]
 

 .The cases cited by the bankruptcy judge are inapposite.
 
 See In Re O’Bannon,
 
 484 F.2d 864 (10th Cir. 1973);
 
 In Re B-F Building Corp.,
 
 312 F.2d 691 (6th Cir. 1963);
 
 Edward Hines Western Pine Co. v. First Nat. Bank of Chicago,
 
 61 F.2d 503 (7th Cir. 1932);
 
 Davis v. Hudson Trust Co.,
 
 28 F.2d 740 (3d Cir. 1928),
 
 cert. denied,
 
 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565 (1929). In these cases, either the consideration moving from the transferee was inadequate or the transferee knew of the bankrupt’s involvement in the transfer.