**In the Matter of Clifton Albert RUTTY, Debtor.**

**Bankruptcy No. 83 B 10362.**

United States Bankruptcy Court, S.D. New York.

May 14, 1984.

---

Jacoby & Meyers, Brooklyn, N.Y., for debtor.

Gutman & Mintz, P.C., Kew Gardens, N.Y., for Mark Terrace Apartments, Inc.

Benjamin Mandelker, New York City, for United Mineral & Chemical Corp.

## DECISION AND ORDER ON MOTION TO TURNOVER GARNISHED WAGES

EDWARD J. RYAN, Bankruptcy Judge.

On March 14, 1983, Clifton Albert Rutty (Rutty) filed a petition under Chapter 7 of the Bankruptcy Code (Code).

On August 27, 1982, Mark Terrace Apartments (Mark Terrace) commenced an action against Rutty for rent arrears due in the amount of $2,898.37. Judgment was entered on October 21, 1982, in the Civil Court of the City of New York, County of Bronx, against Rutty in favor of his landlord, Mark Terrace. On October 22, 1982, an income execution was issued.

Thereafter, the execution was forwarded to the Marshal and the garnishment lien was served upon Rutty's employer, United Mineral & Chemical Corp. (United). Pursuant to the garnishment lien, United withheld ten percent (10%) of the debtor's salary from December 3, 1982, through March 25, 1983, in the amount of $688.00. United never remitted any of the monies to the Marshal.

By motion dated June 30, 1983, Rutty moves to have Mark Terrace turnover monies that were withheld from the debtor's salary. Rutty asserts that Mark Terrace failed to object to the dischargeability of the debt;[1] that monies garnished within ninety (90) days of the petition in bankruptcy constitute voidable preferences pursuant to Code sections 547(b)[2] and 522(h),[3] and that monies garnished after the filing of the petition violate the provisions of the automatic stay.[4]

In its Affirmation in Opposition, Mark Terrace requests that all wages levied pursuant to the income execution be remitted to the Marshal for distribution to satisfy Mark Terrace's judgment. Mark Terrace contends that the employer's failure to remit the monies to the Marshal should not result in a windfall to the debtor.

A hearing was held on January 27, 1984, at which time the trustee took no position.

There are two issues before this court: whether prepetition garnishments are voidable preferences pursuant to section 547(b) and whether postpetition garnishments violate the automatic stay provisions of section 362(a). Section 547 of the Code outlines the five elements of a preference. Subsection (b) allows the trustee to "avoid any transfer of property of the debtor," to

1. Pursuant to 11 U.S.C. § 523(c) (1982).

2. 11 U.S.C. § 547(b) (1982).

3. 11 U.S.C. § 522(h) (1982).

4. 11 U.S.C. § 362(a)(2) (1982); 11 U.S.C. § 362(a)(6) (1982).

or for the benefit of a creditor, for or on account of an antecedent debt, made while the debtor was insolvent and within ninety (90) days before the date of the filing of the petition.

■ Rutty's wages were garnished from December 3, 1982, through March 25, 1983, while his bankruptcy petition was filed on March 14, 1983. Therefore, the garnishments made before the ninety (90) day preference period of December 3, 1982 to December 15, 1982, are clearly not preferential.

■ Garnishments made within ninety (90) days of the filing of the petition in bankruptcy are not transfers of the debtor's property and therefore are not preferential. "It is, of course, essential that the debtor have an interest in the property transferred so that the estate under Section 541 is thereby diminished," *Matter of Lucasa International, Ltd.*, 13 B.R. 596, 598 (Bkrtcy.1981), citing, *Continental Trust Co. v. Chicago Title Co.*, 229 U.S. 435, 443, 33 S.Ct. 829, 831, 57 L.Ed. 1268 (1913).

The Second Circuit in *In re Riddervold*, 647 F.2d 342 (2d Cir.1981) considered the relationship of a wage garnishment proceeding pursuant to N.Y.C.P.L.R. § 5231[5] to preferences under Section 547(b) of the Code. In that proceeding, a judgment creditor had served a wage execution on the debtor's employer prior to the preference period, and wages were withheld and paid to the judgment creditor within the preference period. The application before the court in *Riddervold* was made by the debtor to recover the monies paid. The court held that the payments were not transfers of the debtor's property and thus not avoidable under Code section 547. *Id.* at 346.

According to the *Riddervold* court, the debtor's interest in the property, subject to the levy, was terminated when the employer was served with the income execution under N.Y.C.P.L.R. § 5231(d). *Id.* In its decision, the court states that service of the income execution upon the employer constituted a novation, whereby the employer owed to the judgment creditor ten percent (10%) of the employee's salary, which was not then due and payable to the employee, but to the sheriff for the benefit of the judgment creditor. *Id.* The court further stated that, if the employer fails to pay the sheriff, N.Y.C.P.L.R. § 5231(e) provides that the judgment creditor has standing to sue the employer to recover the accrued installments. *Id.*

■ The facts at bar are substantially the same as those in *Riddervold*. Accordingly, Rutty no longer had any interest in the garnished wages after his employer was presented with the wage execution under N.Y.C.P.L.R. § 5231(d). In addition, the motion before this court to avoid the transfer has been made by the debtor, not the trustee. Therefore, in addition to the requirements of section 547(b), a debtor must show, pursuant to section 522(h) of the Code that if the trustee had avoided these payments, the debtor could have exempted them under section 522(d)(5). The debtor has failed to produce any evidence in this respect.

■ The wages garnished after the filing of the bankruptcy petition on March 14, 1983, clearly violated the provisions of the automatic stay. Section 362(a)(2) stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a) (1983).

Consequently, Mark Terrace is entitled to the prepetition monies garnished from December 3, 1982, through March 14, 1983, while postpetition monies garnished from March 14, 1983, through March 25, 1983, should be awarded to the debtor.

It is so ordered.

___

5. N.Y.C.P.L.R. § 5231.