In re **ARCHIE CAMPBELL,
INC., Debtor.**

**Cheryl ELLIS, Trustee,
Plaintiff-Appellant,**

v.

**DAKOTA BANK & TRUST; Pension
Fund and Fargo Culvert Co.,
Defendants-Appellees.**

**Civ. No. A3–84–188.**

United States District Court,
D. North Dakota,
Southeastern Division.

July 1, 1985.

Edward Klinger, Moorhead, Minn., for plaintiff-appellant.

Jon R. Brakke, Fargo, N.D., for Dakota Bank & Trust.

Joseph A. Turman, Fargo, N.D., for Dakota Culvert.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Cheryl Ellis, Bankruptcy Trustee for the Estate of Archie Campbell, Inc., (debtor) brought an action to recover payments made by the debtor of $4,170.58 to Fargo Culvert Company and $37,691.22 to Dakota Bank and Trust Company. The complaint alleges these were preferential payments under 11 U.S.C. § 547(b) made by the debtor prior to the start of the bankruptcy proceedings. The bankruptcy court, 45 B.R. 416, dismissed the trustee's claims holding Plaintiff failed to establish the necessary elements of its claim under 11 U.S.C. § 547(b). Specifically, the bankruptcy court found the payments made by cashier's check were not transfers of the debtor's property. The trustee now appeals that decision. She contends that payment by a cashier's check constitutes a "transfer" of debtor's property under the Bankruptcy Code.

### Facts

A Chapter 7 involuntary petition in bankruptcy was filed on August 7, 1984.

Two separate payments are at issue in this case. Payments were made to Dakota Bank and Trust Company and Fargo Culvert Company, each by means of a cashier's check. The debtor was in the road paving and construction business. In December of 1980 Debtor was indebted to Fargo Culvert for $4,170.58. Fargo Culvert informed the debtor at that time all future business would be on a cash only basis. On April 10, 1981, debtor issued a check to Fargo Culvert for the full amount of the outstanding balance. The check failed to clear and was returned to the payee for lack of sufficient funds. Fargo Culvert then placed the check with the debtor's bank for collection. On June 10, 1981, Fargo Culvert received a cashiers

check from debtor's bank for payment of account in full.

The payment to Dakota Bank and Trust Company by cashier's check arose from debtor's participation in a pension plan for its employees through the Construction Employee's Pension Fund. Debtor used the fund as a vehicle to meet federal requirements under government construction contracts. The Construction Employees Pension Fund required contributions from employers based upon the number of hours worked by each employee, and for the benefit of the employees as part of their compensation. Defendant Dakota Bank and Trust Company, as an administrative agent for the pension fund, collected contributions from debtor (and other employers) and forwarded the contributions to the Prudential Insurance Company, the funding agent for the plan.

On August 24, 1981, Debtor obtained a $52,000.00 loan from the First State Bank of New Rockford, $37,691.22 of which was used for the purpose of making required contributions to the pension fund. On the same date, The First State Bank of New Rockford issued a cashier's check to Dakota Bank and Trust Company for $37,691.22. Dakota Bank and Trust Company negotiated the check and forwarded the proceeds to Prudential Life Insurance Company.

### Discussion

The bankruptcy court held that the two payments at issue were not preferential payments because there had been no transfer of the debtor's property as required by 11 U.S.C. § 547(b)(1982). The court's holding was based on its conclusion that payment by cashier's check in this case constituted a transfer of the bank's assets and was not a transfer of the debtor's property. The issue on appeal is whether the payments constituted a depletion of the debtor's assets, and whether to that extent thereby constituted a preference.

The Bankruptcy Code currently defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property...." This definition, derived from the definition of transfer in the Bankruptcy Act of 1898, *codified* at 11 U.S.C. § 1(30) (1976), is to be construed as broadly as possible. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, S.R. 95–989 p. 27. The word transfer should be used in its "most comprehensive sense;" it is intended to include every means and manner by which property can pass from the ownership and possession of another. *Pirie v. Chicago Title & Trust Co.*, 182 U.S. 438, 21 S.Ct. 906, 45 L.Ed. 1171 (1901). Courts must look beyond the form or method of the transaction, and determine whether there has been an appropriation by the insolvent debtor of a portion of his property to the payment of a creditor's claim, so that thereby the estate is depleted and the creditor obtains an advantage over other creditors. *National Bank v. National Herkimer County Bank*, 225 U.S. 178, 184, 32 S.Ct. 633, 635, 56 L.Ed. 1042 (1912); *Katz v. First National Bank of Glen Head*, 568 F.2d 964, 969 n. 4 (2d Cir.1977), *cert. denied*, 434 U.S. 1069, 98 S.Ct. 1250, 55 L.Ed.2d 771 (1978).

Courts, aware of the broad interpretation of transfer envisioned by Congress, have found a "transfer" of the debtor's property for purposes of the bankruptcy law in numerous situations where no actual transfer of debtor's property has taken place. Courts have found a "transfer" where a judicial lien is placed on debtor's property, *In re Evans*, 30 B.R. 744 (Bankr.N.D.Ohio 1983); *In re Rocky Mountain Ethanol Systems, Inc.*, 21 B.R. 707 (Bankr.D.N.M. 1981), where a mortgage on a debtor's property is given to a creditor, *In re Lyon*, 35 B.R. 759 (Bankr.D.Ky.1982); *In re Caudy Custom Builders, Inc.*, 31 B.R. 6 (Bankr.D.S.C.1983), or where a debtor's bank accounts are garnished or levied upon, *In re Cosmopolitan Aviation Corp.*, 34 B.R. 592 (Bankr.E.D.N.Y.1983); *In re Bennet*, 35 B.R. 357 (Bankr.N.D.Ill.1984). *But see Matter of Rutty*, 39 B.R. 204 (Bankr.S.D.N.Y.1984) (garnishment of wages not a transfer of debtor's property).

The court's inquiry must focus on whether there has been a disposition of or parting with an interest in the debtor's property. See 11 U.S.C. § 101(40) (1982) (current version at 11 U.S.C. § 101(48) (1984)). If the payment by cashier's check was an indirect transfer of debtor's property to Fargo Culvert and Dakota Bank and Trust, then the use of a third party to effect a transfer from debtor to creditor does not immunize the payment from attack as a preference. *Miller v. Wells Fargo Bank International Corp.*, 406 F.Supp. 452 (S.D. N.Y.1975). The Court of Appeals for the Eighth Circuit has held that the payment of a debtor's obligation by cashier's check, while indirect, still may constitute a transfer of the debtor's property. *In re SLF News, Inc.*, 649 F.2d 613, 615 (8th Cir.1981).

In situations similar to this case, numerous other courts, without discussion, have treated payments made by cashier's check as transfers of a debtor's property. *E.g., In re Standard Food Services, Inc.*, 723 F.2d 820 (11th Cir.1984) (payment by cashier's check treated by court as a transfer); *Nicholson v. First Investment Co.*, 705 F.2d 410 (11th Cir.1983) (court found a "transfer" occurred when a creditor exchanged corporate checks from the debtor for cashier's checks); *Nicklaus v. Peoples Bank & Trust Co.*, 258 F.Supp. 482 (E.D. Ark.1965) (payment by cashier's check treated as a transfer). Payment of a debt by cashier's check does not preclude a finding that there has been a transfer of the debtor's property.

In this case, it appears the First Bank of New Rockford's transfer of funds by way of cashier's checks may have resulted in some depletion of the debtor's estate. It further appears debtor may have funded the cashier's check to Fargo Culvert with proceeds from the auction sale of some of its equipment, and the cashier's check to Dakota Bank and Trust may have resulted in a depletion of some of debtor's accounts receivable.

This court holds that whether a transfer of funds by cashier's check represents a transfer of debtor's property is dependent upon the facts of each individual case. The court further holds that to the extent the transfers in this case may have depleted the assets of the debtor's estate, they may or may not have constituted a preference. It further appears the payment to the pension fund by Dakota Bank and Trust Company may represent a priority payment of employee compensation and the cashier's check may not have been received by Dakota Bank and Trust Company in the role of a creditor.

IT IS ORDERED the proceeding is remanded to the bankruptcy court for reconsideration and further findings and conclusions in accordance with this opinion.